535 A.2d 165

**COMMONWEALTH of Pennsylvania**

v.

**Michael Paul KRYSIAK, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 25, 1987.

Filed Dec. 24, 1987.

294

David A. Schroeder, Erie, for appellant.

Ernest J. Disantis, Jr., Assistant District Attorney, Erie, for Com., appellee.

Before ROWLEY, DEL SOLE and JOHNSON, JJ.

DEL SOLE, Judge:

Appellant entered guilty pleas and was sentenced to a term of imprisonment for not less than ten nor more than 20 years on a charge of robbery. In addition, Appellant

received consecutive terms of five to ten years on a criminal conspiracy charge and two and one-half to five years for possessing instruments of crime. Appellant's co-defendant was sentenced by a different judge from the same court to a term of four to eight years on the robbery charge and four years consecutive probation on the charge of criminal conspiracy.

Appellant claims the trial court failed to articulate sufficient reasons in support of the sentence. Appellant also contests the disparity of sentences handed down for himself and his co-defendant. Finally, Appellant appeals from the imposition of consecutive sentences for the inchoate offenses of conspiracy and possession of instruments of crime. On this latter assignment of error, Appellant maintains he cannot be convicted of both criminal conspiracy and the possessing offense in that they were committed with a single objective in view.

For the reasons which follow, we affirm Appellants sentence in part and *sua sponte* amend Appellant's sentence with regard to the inchoate offense of possessing instruments of crime.

The right of appeal from the discretionary aspects of sentencing is neither automatic nor absolute as the allowance of such an appeal rests within the discretion of the Superior Court. (*See* 42 Pa.C.S.A. § 9781(b)). An appellant who challenges a discretionary aspect of his sentencing shall set forth in his brief a concise statement of the reasons relied upon for the allowance of his appeal. The appellant is further required to present this statement prior to his offer of arguments on the merits of his claim. Pa.R.App.P. 2119(f). A brief by an appellant which fails to contain such a statement is defective. *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987).

It has been determined that such a defect is procedural and may be overlooked by the Superior Court providing the Appellee does not object to the procedural irregularity. In the instant case, Appellant's brief lacks the concise statement required by Pa.R.App.P. 2119(f). However, the Com-

monwealth has not objected to Appellant's procedural defect and has therefore failed to preserve the question of Appellant's non-compliance for our review. Since the failure to properly follow the Appellate Rules with regard to the discretionary aspects of sentencing amounts to procedural error, such a defect is waived. Leaving this behind, it is well within our reach to examine the discretionary aspects of Appellant's sentences. *Commonwealth v. Krum*, 367 Pa.Super. 511, 533 A.2d 134 (1987), *Commonwealth v. Hartz*, 367 Pa.Super. 267, 532 A.2d 1139 (1987).

Appellate review of the discretionary aspects of sentencing is permissible if, upon examination of the record, this court determines there is a substantial question as to whether sentence is inappropriate. *Commonwealth v. Easterling*, 353 Pa.Super. 84, 509 A.2d 345 (1986). (Also *see* 42 Pa.C.S.A. § 9781(b)). We hold today that an averment by Appellant of disparate sentences between two or more co-defendants constitutes a substantial question necessitating our exercise of jurisdiction to review. Therefore, we will consider Appellant's challenge that the disparity between his sentence and that of a co-actor requires resentencing.

Appellant specifically calls our attention to the sentencing record and its claimed failure to substantiate why his sentence is more severe than his co-defendants despite the fact that both parties have been convicted of the same crimes. Our view of Appellant's sentencing fails to support this contention. The sentencing record is replete with substantiating observations, not the least of which is a recitation of Appellant's prior felony record which, as the sentencing court reasonably concludes, elucidates Appellant's propensity for a continued life of progressively serious crime.

It is quite apparent that the sentencing court examined a wide array of factors to substantiate the severity and resulting disparity of Appellant's sentence. In addition to its exhaustive references to Appellant's prior record, the court carefully considered the aggravating circumstances which accompanied Appellant's most recent felony convic-

tion. It measured Appellant's rejection of whatever lessons he may have learned as a result of his prior periods of incarceration as well as the likelihood that a less stringent sentence may very well place others in peril of another of Appellant's serious crimes. Moreover, Appellant's sentence was imposed with an eye toward the various factors designed to assist the court in reaching a reasonable disposition of Appellant's sentence. Among them includes a presentence report, Appellant's personal background, the nature of Appellant's criminal acts and, as stated earlier, Appellant's extensive prior record. It is also noteworthy that throughout Appellant's sentencing process, the court was cognizant of the sentence received by Appellant's co-defendant.

The methods to be used to justify a disparity of sentences between co-defendants when varied sentences are handed down by separate sentencing judges from the same court are well established. As stated by the Supreme Court in *Commonwealth v. Burton*, 451 Pa. 12, 301 A.2d 675 (1973), it has never been a rule in this Commonwealth that co-defendants are required to receive equal sentences. *Id.*, 451 Pa. at 15, 301 A.2d 675. Moreover, disparity between sentences for co-defendants is permissible and will be upheld where there is an adequate statement of reasons. *Commonwealth v. Gelormo*, 327 Pa.Super. 219, 475 A.2d 765 (1984). Notwithstanding the appreciable disparity of sentences, we are satisfied that the record adequately substantiates the court's sentencing determinations.

Appellant attempts to rely on the case of *Commonwealth v. Holler*, 326 Pa.Super. 304, 473 A.2d 1103 (1984) in which we said when co-defendants are sentenced by different judges from the same court there should not be a great disparity of sentences unless the facts exist to warrant unequal sentences and those facts are articulated on the record. The *Holler* case is distinguishable on factual and procedural grounds, with the essential distinctions arising out of the woefully inadequate sentencing record in *Holler*.

We therefore affirm this discretionary aspect of the trial court's imposition of Appellant's sentence.

The remaining challenge to the trial court's sentencing concerns its failure to articulate sufficient reasons in justification of Appellant's sentence. In *Commonwealth v. Valentin*, 259 Pa.Super. 496, 393 A.2d 935 (1978), this court restated the well settled principle that the imposition of a proper sentence is a matter vested in the sound discretion of the sentencing judge. However, this discretion is not unbridled in that the sentencing judge *must* state for the record those reasons which lead to the imposition of appellant's sentence, *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), and how the trial court's sentence is responsive to and reflects the standards embodied in the Sentencing Code, 42 Pa.C.S. § 9701 et seq., *Commonwealth v. Edward*, 303 Pa.Super. 454, 472, 450 A.2d 15, 23–24 (1982) (citations omitted). As the *Riggins* court explained:

> [R]equiring the trial court to articulate its reasons for selecting a sentence will promote more thoughtful consideration of relevant factors and will help rationalize the sentencing process. It will safeguard against arbitrary decisions and prevent consideration of improper and irrelevant factors.

Id., 474 Pa. at 129, 377 A.2d at 147 (footnote omitted).

Also, the Legislature has embraced this requirement in 42 Pa.C.S.A. § 9721(b) which reads in pertinent part:

> In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.... Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

Thus, the requirement that a trial court articulate the reasons for its sentence is not discretionary but mandatory. Therefore, where a party claims that the trial court failed to set forth reasons or sufficient reasons for the sentence imposed, the Superior Court's appellate jurisdiction is in-

voked by filing a notice of appeal as opposed to seeking this court to exercise its discretionary jurisdiction pursuant to 42 Pa.C.S.A. § 9781(b) as defined in *Commonwealth v. Tuladziecki, supra.* However, this issue must be preserved at the trial court level by the timely filing of an appropriate motion to modify the sentence. The trial court's failure to articulate sufficient reasons for a sentence does not make the sentence "illegal" ab initio but presents a legal basis for vacation of the sentence if it has been properly preserved and properly presented to the Appellate Court. 42 Pa.C.S.A. § 9721(b).

Our analysis of the sufficiency of the trial court's reasons for Appellant's sentence mirrors our treatment of Appellant's disparity of sentence claim. The sentencing record unequivocally supports Appellant's term of incarceration. Moreover, it cannot be said that the statement of the trial judge does not reflect a thoughtful consideration of the principles and standards set forth in *Riggins.* We therefore affirm Appellant's sentence.

Finally, Appellant raises an additional sentencing error pursuant to 18 Pa.C.S.A. § 906 which bars multiple convictions. The Commonwealth concedes and we agree the sentencing in the instant case does not comport with the direction set forth in 18 Pa.C.S.A. § 906. Section 906 bars multiple convictions for offenses defined by this chapter for conduct designed to commit or culminate in the commission of the same crime. Our reading of this section leads us to conclude that the sentences imposed by the trial court for Appellant's inchoate offenses were not abusive, but illegal. *Commonwealth v. Jackson,* 280 Pa.Super. 522, 421 A.2d 845 (1980). We note that while certain procedural claims may be waived if not properly preserved, no such waiver applies to a § 906 claim. Moreover, an improper conviction of two inchoate crimes renders the resulting sentence illegal. *Id.* While neither party focuses on the question of an illegal sentence and its impact on our review, we will resolve the matter *sua sponte.* As such, we find no reason to discuss merger concepts. Inasmuch as the trial court's

sentencing of Appellant for both criminal conspiracy and possessing instruments of crime was wrong, this court has the option to remand for resentencing or amend the sentence directly. (*See Commonwealth v. Gonzales*, 297 Pa. Super. 66, 443 A.2d 301 (1982)). Seeing no reason to merge an illegal sentence, we vacate the sentence imposed for the possession of instruments of crime. *Commonwealth v. Wanamaker*, 298 Pa.Super. 283, 288, 444 A.2d 1176, 1179 (1982); *Commonwealth v. Tingle*, 275 Pa.Super. 489, 499, 419 A.2d 6, 11 (1980).

Judgment of sentence as modified is affirmed.

ROWLEY, J., agrees that judgment of sentence should be modified, and as modified, affirmed. However, he would deny appellant's petition for leave to appeal on the issue of failure to articulate sufficient reasons.

JOHNSON, J., concurs in the result.