**Commonwealth v. Lazar**

*Christopher J. Lechner, assistant district attorney,* for Commonwealth.

*James J. Karl, chief public defender,* for defendant.

ASHWORTH, *J.,* November 5, 2007—Nicholas W. Lazar has filed a direct appeal to the Superior Court of Pennsylvania from the judgment of sentence imposed on August 31, 2007, as finalized by the denial of appellant's post sentence motion by order dated September 10, 2007. This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, and for the following reasons, this court requests that this appeal be denied.

## I. PROCEDURAL BACKGROUND

By Criminal Information docketed to no. 489 of 2006, appellant was charged with having committed the offenses of burglary (F1) (two counts), burglary (F2) (11 counts), criminal conspiracy to commit burglary (F1) (two counts), and criminal conspiracy to commit burglary (F2) (nine counts).[1] These charges stemmed from burglaries in various municipalities in Lancaster County between September 21, 2005, and December 15, 2005.

By Criminal Information docketed to no. 519 of 2006, appellant was charged with having committed the offenses of burglary (F2) (three counts), criminal conspiracy to commit burglary (F2), and criminal mischief (M3).[2] These charges stemmed from burglaries in Leacock Township, Lancaster County, on December 16, 2005.

---

1. 18 Pa.C.S. §3502(a), 18 Pa.C.S. §903(a)(1), respectively.

2. 18 Pa.C.S. §3502(a), 18 Pa.C.S. §903(a)(1), 18 Pa.C.S. §3304(a) (5), respectively.

By Criminal Information docketed to no. 574 of 2006, appellant was charged with having committed the offenses of burglary (F2) (two counts), criminal conspiracy to commit burglary (F2) (two counts), burglary (F1), and criminal conspiracy to commit burglary (F1).[3] These charges stemmed from burglaries in East Lampeter Township, Lancaster County, on December 6, 2005.

By Criminal Information docketed to no. 757 of 2006, appellant is charged with having committed the offenses of possession with intent to deliver marijuana (F), and criminal conspiracy to possession with the intent to deliver marijuana (F1).[4] These charges stemmed from a search of appellant's apartment in Salisbury Township, Lancaster County, on October 3, 2005, which yielded 11 marijuana plants, packaging materials, a scale, and drug paraphernalia.

By Criminal Information docketed to no. 576 of 2006, appellant was charged with having committed the offense of possession of a small amount of marijuana.[5] This charge stems from a criminal incident occurring in Leacock Township, Lancaster County, on December 9, 2005.

By Criminal Information docketed to no. 700 of 2006, appellant was charged with having committed the offenses of burglary (F2), and criminal mischief (summary).[6] These charges stem from a criminal incident in West Earl Township, Lancaster County, between December 8, 2005, and December 9, 2005.

---

3. 18 Pa.C.S. §3502(a), 18 Pa.C.S. §903(a)(1), respectively.

4. 35 Pa.C.S. §780-113(a)(30), 18 Pa.C.S. §903(a)(1), respectively.

5. 35 Pa.C.S. §780-113(a)(31).

6. 18 Pa.C.S. §3502(a), 18 Pa.C.S. §3304(a)(1), respectively.

On June 18, 2007, Lazar appeared before the Honorable William L. Henry II[7] to enter open guilty pleas to all charges.[8] After conducting a thorough colloquy, Judge Henry accepted the pleas and ordered a presentence investigation report (PSI). Lazar was represented by counsel at his plea.

Subsequent to the acceptance of the guilty plea, these cases were reassigned to this court for disposition. At the sentencing hearing on August 31, 2007, I imposed the following sentence: (1) on Information no. 489 of 2006, a net sentence of 57 to 180 months incarceration, plus costs and restitution in the amount of $16,569.10; (2) on Information no. 519 of 2006, a net sentence of 9 to 36 months incarceration plus costs and restitution in the amount of $4,619.47; (3) on Information no. 574 of 2006, a net sentence of 18 to 48 months incarceration, plus costs and restitution in the amount of $9,610; (4) on Information no. 575 of 2006, a mandatory sentence of 12 to 24 months incarceration, plus costs; (5) on Information no. 576 of 2006, a net sentence of one to six months, plus a fine of $50 and costs; and (6) on Information no. 700 of 2006, a sentence of three to 12 months

7. Judge Henry is a visiting senior judge from Jefferson County.

8. Appellant also entered a negotiated plea of guilty to the charges docketed to Criminal Information no. 2787 of 2005. These charges occurred between December 10 and 12, 2004. On the charge of small amount of marijuana, appellant was sentenced to 30 days probation and ordered to pay a fine of $100 and costs. On the charge of drug paraphernalia, appellant received a sentence of one year probation and costs. For the charge of theft by unlawful taking, appellant was sentenced to one year probation and costs. A sentence of two years probation plus costs was imposed for the charge of access device fraud. Restitution was further ordered in the amount of $393.50. All sentences were concurrent. (Notes of Testimony (N.T.), guilty plea, at 2-3, 8-9, 11.)

incarceration, plus costs, restitution in the amount of $385, and a fine of $25. (N.T., sentencing at 12-16.)

Appellant was sentenced on the low end of the standard guideline range on each burglary charge in each Information. Each net burglary sentence at each Information was made consecutive to one another for an aggregate sentence of 99 months to 300 months, or eight years and three months to 25 years in the state correctional institution. The criminal conspiracy charges were made concurrent to the burglary charges and to each information. Appellant's total restitution was in the amount of $31,183.57. Lazar was represented by counsel at this sentencing hearing.

On September 7, 2007, Lazar filed a timely motion to modify and reduce the sentence of imprisonment imposed on these offenses. By order dated September 10, 2007, this motion was denied.

Lazar then filed a direct appeal with the Superior Court of Pennsylvania on October 9, 2007. Pursuant to this court's directive, Lazar furnished a concise statement of matters complained of on appeal which sets forth two bases for this appeal: (1) the sentence imposed by the court was so manifestly excessive as to constitute an abuse of discretion because of the court's "clearly unreasonable" imposition of consecutive sentences; and (2) the sentence imposed by the court was so manifestly excessive as to constitute an abuse of discretion because it was "grossly disproportionate" to the sentence imposed by this court on his co-defendant, Eric Kinney.

## II. DISCUSSION

Appellant's two arguments on appeal relate to his sentencing. The sentence imposed by this court on Lazar

is within the permissible statutory maximums and, therefore, clearly is a legal sentence. Lazar asserts that it nonetheless is a manifestly excessive one. With this issue, appellant is challenging the discretionary aspect of his sentencing. *Commonwealth v. Hartman,* 908 A.2d 316 (Pa. Super. 2006). Such challenges must be raised in a post sentence motion or during the sentencing proceedings, or they are waived. *Commonwealth v. Watson,* 835 A.2d 786, 791 (Pa. Super. 2003). See also, Pa.R.A.P. 302(a). Appellant did raise this claim in his motion to modify sentence; therefore, this claim is preserved for appeal.

However, even when the discretionary aspects of a judgment of sentence are properly challenged, there is no automatic right to appeal. See *Commonwealth v. Hornaman,* 920 A.2d 1282, 1284 (Pa. Super. 2007), citing *Commonwealth v. Petaccio,* 764 A.2d 582 (Pa. Super. 2000). Two requirements must be met before such a challenge will be heard on the merits. First, the appellant must set forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Pa.R.A.P. 2119(f); *Hornaman,* 920 A.2d at 1284. Second, he must show that there is "a substantial question that the sentence [imposed] is not appropriate under the Sentencing Code." 42 Pa.C.S. §9781(b). See also, *Commonwealth v. Mouzon,* 571 Pa. 419, 425, 812 A.2d 617, 621 (2002).

The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis. *Commonwealth v. Simpson,* 829 A.2d 334, 337 (Pa. Super. 2003); *Commonwealth v. McNabb,* 819 A.2d 54, 56 (Pa. Super. 2003). Generally, however, in order to establish a substantial question, the appellant must

show actions by the sentencing court that were either "(1) inconsistent with a specific provision of the Sentencing Code or (2) contrary to the fundamental norms underlying the sentencing process." *Hornaman,* 920 A.2d at 1284; *Commonwealth v. Titus,* 816 A.2d 251, 255 (Pa. Super. 2003). Only then do the facts require a grant of allowance of appeal of the discretionary aspects of the sentence.

In this case, appellant has filed with this court a timely statement of matters complained of on appeal in which he raises a discretionary aspect of sentence claim. We will assume for purposes of this appeal that appellant will likewise satisfy the requirements of Pa.R.A.P. 2119(f) by filing a separate concise statement with the Superior Court. Additionally, Lazar has averred that the trial court imposed a sentence in violation of a particular provision of the Sentencing Code. Specifically, appellant claims a sentence of eight years and three months to 25 years incarceration was "clearly unreasonable" under 42 Pa.C.S. §9781(c)(2).[9] Thus, as appellant has challenged his sentence imposed under 42 Pa.C.S. §9781(c)(2), which is a specific provision of the Sentencing Code, he

---

9. Section 9781(c) provides in pertinent part:

"(c) Determination on appeal.—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

"(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

"(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

"(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable. In all other cases the appellate court shall affirm the sentence imposed by the sentencing court." 42 Pa.C.S. §9781(c)(2).

has raised a substantial question on appeal and we will address the merits of appellant's discretionary aspect of sentence claim. See *Commonwealth v. Walls*, 592 Pa. 557, 926 A.2d 957 (2007). Moreover, appellant's second claim raises a substantial question by alleging an unexplained disparity between his sentence and that of a co-defendant. See *Commonwealth v. Cleveland*, 703 A.2d 1046, 1048 (Pa. Super. 1997), citing *Commonwealth v. Canfield*, 432 Pa. Super. 496, 501, 639 A.2d 46, 49 (1994) (substantial question presented because "a disparity between sentences imposed upon co-defendants does touch upon the fundamental norms which underlie the sentencing process").

We begin by noting that sentencing is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). An abuse of discretion is more than an error in judgment. A sentencing court has not abused its discretion "unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Walls*, 592 Pa. at 564, 926 A.2d at 961 (quoting *Commonwealth v. Smith*, 543 Pa. 566, 571, 673 A.2d 893, 895 (1996).

In considering whether a sentence was manifestly excessive or unreasonable the appellate court must give great weight to the sentencing judge's discretion, as he or she is in "the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Walls*, 592 Pa. at 565, 926 A.2d at 961 (quoting *Commonwealth v. Ward*, 524 Pa. 48, 52, 568 A.2d 1242, 1243 (1990). See also, *Commonwealth v. Ellis*, 700 A.2d 948, 958 (Pa. Super.

1997) (noting that the sentencing court is in the best position to measure various factors such as the nature of the crime, the defendant's character, and the defendant's display of remorse, defiance or indifference).

In clarifying the proper standard of appellate review of a sentencing court's imposition of sentence, our Supreme Court recently noted:

"Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. . . . Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision." *Walls,* 592 Pa. at 565, 926 A.2d at 961-62. (footnote omitted; citations omitted)

Reduced to its essence, appellant's first claim on appeal is that the only "reasonable" sentence that he could have received for his many crimes at six different dockets is one that runs entirely concurrently. Appellant was facing sentencing on 38 separate felony charges. The sheer number of crimes which he committed between September and December 2006 could not be ignored by making all of the sentences concurrent with one another. In fact, our appellate courts have expressed disapproval of routinely running sentences concurrently lest criminals receive a "volume discount" for their separate criminal acts. See *Commonwealth v. McClintic,* 589 Pa. 465, 486,

909 A.2d 1241, 1253 (2006); *Commonwealth v. Mouzon,* 828 A.2d 1126, 1130 (Pa. Super. 2003).

Long-standing precedent recognizes that 42 Pa.C.S. §9721 affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed, upon consideration of the individual circumstances concerning the defendant and the many crimes he committed. *Commonwealth v. Perry,* 883 A.2d 599 (Pa. Super. 2005); *Mouzon,* 828 A.2d 1126; *Commonwealth v. Wright,* 832 A.2d 1104 (Pa. Super. 2003). The imposition of consecutive, as opposed to concurrent, sentences is solely within the discretion of the trial court. *Commonwealth v. Johnson,* 873 A.2d 704 (Pa. Super. 2005); *Commonwealth v. Druce,* 796 A.2d 321 (Pa. Super. 2002), *judgment aff'd,* 577 Pa. 581, 848 A.2d 104 (2004).

Discretion is limited, however, by 42 Pa.C.S. §9721(b), which provides that a sentencing court must formulate a sentence individualized to that particular case and that particular defendant. Section 9721(b) provides: "[t]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. . . ." 42 Pa.C.S. §9721(b).

Although acknowledging that the sentence was within the standard range of the sentencing guidelines, appellant nonetheless claims that the court "applied a uniform rule and did not tailor its sentence to the individual circumstances of this case and this particular defendant," disregarding mitigating circumstances and

concentrating instead on the nature of the offense. It is clear from a review of the record in this case that in fashioning this sentence the court did consider the individual circumstances concerning appellant and the many crimes he committed. As noted at the sentencing hearing, the court took into account the following factors: appellant's age (28); his family history; his adult criminal record; his educational background; his alcohol and substance abuse history, starting with his use of marijuana at the age of 15 and alcohol at the age of 16; his employment history; appellant's letter to the court; the victim impact statements; and the entire pre-sentence investigation report. (N.T., sentencing at 11-12.)

Specifically, the court is aware that appellant left high school before completing the tenth grade. However, appellant admitted that he dropped out of school as a result of "lack of motivation toward education," not because of intellectual difficulties. In fact, appellant reported that when he was 18 years old, his employer enrolled him in a basic trade course in electricity at the Delaware County Area Community College in Media, Pennsylvania, which he successfully completed.

Despite appellant's somewhat consistent work history between October 2000 and July 2005,[10] he owes a total of $2,896.85 in fines, costs and restitution, resulting from his prior criminal activity in Chester, Delaware and

10. Appellant self-reported that he had worked at RGB Electric in Malvern, Pennsylvania from the summer of 2001 to the summer of 2002. This information was unverifiable as the owner and president of the company indicated that his employment records only date back to 2005. Additionally, appellant reported that he worked at Brian Osborne's Painting in Gap, Pennsylvania from the summer of 2002 to the summer of 2005. The Office of Probation was unable to verify this employment as the business could not be located.

Lancaster counties. With regard to his criminal history, his theft charges started in 1998, and grew to include forgery and drug charges. Appellant's sentencing in August 2007 marked his twelfth appearance before the court, including three prior court appearances for probation/parole violations.

It is clear that this court carefully considered the entire pre-sentence investigation report. As our Superior Court noted:

"Since the sentencing court had and considered a pre-sentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case. *Commonwealth v. Boyer,* 856 A.2d 149 (Pa. Super. 2004). In *Boyer,* we stated:

" 'In imposing sentence, the trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. However, where the sentencing judge had the benefit of a pre-sentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. . . .' " *Commonwealth v. Fowler,* 893 A.2d 758, 766-67 (Pa. Super. 2006).

To the extent that appellant argues that the trial court did not adequately consider the mitigating factors, *i.e.,* his cooperation with the police at the time of his arrest and his acceptance of full responsibility for his actions,

such a claim is not supported by the record and, in any case, does not raise a substantial question. *Commonwealth v. Hanson,* 856 A.2d 1254, 1257-58 (Pa. Super. 2004).

In addition, we note that when "sentencing an appellant, the trial court is permitted to consider the seriousness of the offense and its impact on the community." *Commonwealth v. Roden,* 730 A.2d 995, 998 (Pa. Super. 1999). Appellant has an eight-year history of committing thefts, forgeries and burglaries in this county. He has done nothing to show that he has attempted to alter his behavior. Restrictive measures are required in order to protect society from being further victimized by his criminal conduct. Appellant's history of criminal activity and encounters with the law are the result of his confirmed, unchangeable criminal attitude towards society and its rules.

The assertion that appellant's sentence is "unreasonable" for failing to tailor it to the individual circumstances of this case is without any support in the record or the facts of this case.

Moreover, while the burglary sentences in this case were made consecutive to one another, it should be noted that all of appellant's sentences on the criminal conspiracy charges were made concurrent to each other and to the burglary sentences. Given the sheer number of criminal acts committed in this case, as well as appellant's total exposure as far as lawful maximums and potential consecutive sentences, appellant's sentence was not an abuse of discretion.

In his second issue on appeal, appellant contends that the sentence was so manifestly excessive as to constitute

an abuse of discretion because it was disproportionate to the sentence imposed on his co-defendant, Eric Kinney. The fact that the sentences for these co-defendants were, in appellant's terms, "disproportionate" speaks to the fact that the sentences were individualized and *not* uniform.

As stated by the Supreme Court in *Commonwealth v. Burton,* 451 Pa. 12, 15, 301 A.2d 675, 677 (1973), it has never been the rule in this Commonwealth that co-defendants are required to receive equal sentences. See *Commonwealth v. Myers,* 370 Pa. Super. 326, 330, 536 A.2d 428, 430 (1988), citing *Commonwealth v. Sinwell,* 311 Pa. Super. 419, 427, 457 A.2d 957, 960 (1983). Because sentencing judges are required to look beyond the facts of the crime to the character and record of the individual defendant, different sentences for co-defendants does not mean that one of the sentences is disproportionate. *Commonwealth v. Speight,* 578 Pa. 520, 542, 854 A.2d 450, 463 (2004). However, when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences. *Cleveland,* 703 A.2d at 1048 (where sentencing court noted defendant's unresponsiveness to previous attempts at rehabilitation, lack of remorse, and drug and alcohol use, court clearly articulated ample, individualized reasons for the sentence imposed on defendant that sufficiently explain the disparity between defendant's sentence and that of his co-defendant). Thus, disparity of sentences between co-defendants is permissible and will be upheld when facts exist to warrant unequal sentences. *Burton, supra.*

Initially, it is important to note that appellant's co-defendant, Eric Kinney, pleaded guilty to a total of 30

criminal charges, as opposed to appellant's 40 offenses. Moreover, Kinney's family, social and educational histories differed significantly from appellant's. Kinney lived all his life with his parents in Parkesburg, Pennsylvania. While attending high school and playing varsity baseball, Kinney held jobs at Wendy's and Wal-Mart. He graduated high school in June 2005. After graduation, Kinney worked part-time at a Wawa.

Kinney began his alcohol and drug use while a senior in high school, about the time he starting hanging out with appellant, who was nine years his senior. Following graduation, Kinney was drinking alcohol weekly and smoking marijuana on a daily basis. Kinney's prior juvenile record consists of three disorderly conducts from incidents occurring on August 18, 2005, and August 23, 2005, in Parkesburg. These charges resulted in a payment of fines and costs.

Between September and December 2005, Kinney participated with appellant in the burglaries of 13 different businesses in and around Lancaster County and was involved in the growing of almost a dozen marijuana plants at appellant's residence. Kinney was 17 going on 18 when he engaged in this criminal activity with appellant, who was then 27.

After his incarceration on these charges in January 2006, Kinney participated in the Lancaster County Prison's Substance Abuse Program from August 2006 through January 2007, when he was successfully discharged. At his sentencing, Kinney provided non-family character references from a community outreach coordinator for the organization, "Octorara Communities That Care," a Parkesburg Borough Council member and police

committee chair, an Octorara schools volunteer, and a neighbor and friend.

Given the disparate facts relative to the character and record of the individual defendants, the sentences imposed on appellant and his co-defendant Kinney were not "grossly disproportionate, clearly unreasonable, and unjust." (See motion to modify sentence at ¶14.) Moreover, the sentence imposed on appellant was not so manifestly excessive as to constitute too severe a punishment. See *Mouzon,* 571 Pa. at 430-31, 812 A.2d at 625. Appellant's sentence was within the standard range of the sentencing guidelines and did not exceed the statutory maximums. Thus, the sentence should stand.

### III. CONCLUSION

For the reasons set forth above, appellant's judgment of sentence should be affirmed and his appeal dismissed.

Accordingly, I enter the following:

### ORDER

And now, November 5, 2007, the court hereby submits this opinion pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.