J-S17043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| XAVIER JOHNSON | : | |
| | : | |
| Appellant | : | No. 2196 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003562-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| XAVIER JOHNSON | : | |
| | : | |
| Appellant | : | No. 2197 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 10, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003563-2020

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED JULY 3, 2025**

Appellant, Xavier Johnson, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his open guilty pleas to two counts each of third-degree murder, robbery, possession of an instrument of crime, and one count each of theft, receiving stolen

property, and fleeing or attempting to elude police.[1]  We affirm.

The relevant facts and procedural history of this matter are as follows. In December 2019, then-17-year-old Appellant stabbed his foster brother, Jimmy Mao, to death.  Appellant shoved Mr. Mao's body into a duffel bag, which he later dumped near train tracks in West Philadelphia.  Before police had learned about the homicide, Appellant was moved to another foster home at his foster parents' request.

On January 14, 2020, Appellant stabbed his new foster mother, Renee Gilyard, to death.  Appellant then stole Ms. Gilyard's bank card and car.  On January 15, 2020, police spotted Appellant driving the stolen vehicle in West Philadelphia.  After police attempted to stop the vehicle, a high-speed chase ensued and ended only when Appellant crashed the vehicle.  Subsequently, Appellant was arrested and charged with multiple offenses at two separate docket numbers.

On March 22, 2024, Appellant executed written guilty plea colloquies, and the court conducted a guilty plea hearing and oral colloquy.  Following the colloquies, the court accepted Appellant's open guilty pleas to the above-mentioned crimes across both dockets.

On July 9, 2024, Appellant filed a pre-sentence motion to withdraw his guilty plea as involuntary due to a combination of mental illness, his limited education, months of solitary confinement, and deplorable prison conditions.

_____

[1] 18 Pa.C.S.A. §§ 2502(c), 3701, 907, 3921, 3925, and 75 Pa.C.S.A. § 3733(a), respectively.

Appellant also asserted that he felt he had a "good defense of mistaken identity as to the charges"[2] and wished to go to trial. (Motion to Withdraw Plea, 7/9/24, at 1).

On July 10, 2024, the court entered an order denying Appellant's motion. That same day, the court sentenced Appellant to an aggregate term of 30 to 80 years' incarceration. On July 15, 2024, Appellant timely filed post-sentence motions, again seeking to withdraw his plea, claiming that he was under duress when he pled guilty, and asserting a boilerplate claim of innocence. Appellant also contended the court abused its discretion in imposing consecutive sentences for his murder convictions. On July 23, 2024, the court denied Appellant's post-sentence motions.

On August 20, 2024, Appellant timely filed a notice of appeal.[3] On August 21, 2024, the court ordered Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. On September 9, 2024, Appellant timely complied.

On appeal, Appellant raises the following issues for our review:

> Whether the sentencing court erred when it denied Appellant's motion to withdraw his guilty plea?

> Whether the court's imposition of consecutive sentences for the two counts of third-degree murder was an abuse of

---

[2] Appellant did not elaborate on this claim or explain this proposed defense.

[3] Appellant originally filed a single notice of appeal listing both underlying docket numbers. Following a directive from this Court, however, Appellant subsequently filed separate, amended notices of appeal at each docket, which this Court consolidated *sua sponte*.

discretion that failed to consider Appellant's mitigating circumstances.

(Appellant's Brief at vii).

In Appellant's first issue, he contends that the trial court erred when it denied his motion to withdraw his guilty plea.[4] Appellant argues that the court had explicitly stated on the record that counsel could attend Appellant's pre-sentence investigation interview, but the interview was conducted in counsel's absence. During this interview, Appellant recounted his version of the events to the interviewer. Appellant asserts that he never would have done so had counsel been present, and that such a narrative biased the court against Appellant, whether consciously or subconsciously. Appellant asserts that this procedural irregularity undermined the fairness of the proceedings such that there are "serious concerns" regarding "the reliability of the sentencing outcome." (Appellant's Brief at 3-4). Appellant concludes that the court erred in denying his motion to withdraw his guilty plea on this basis, and this Court must grant relief. We disagree.

Initially, we note that our Rules of Appellate Procedure make clear that appellate briefs must conform in all material respects to the briefing requirements set forth in the Rules. *See* Pa.R.A.P. 2101. Arguments must be followed by an appropriate discussion and citation of pertinent authorities.

---

[4] Appellant does not specify whether he objects to the court's denial of his pre- or post-sentence motion to withdraw his guilty plea. Nevertheless, Appellant's argument focuses on facts relevant to the pre-sentence motion, so we interpret it as limited to challenging the denial of his pre-sentence motion to withdraw his plea.

*See* Pa.R.A.P. 2119(a). Where an appellant fails to properly raise or develop issues on appeal, or where a brief is wholly inadequate to present specific issues for review, a court will not consider the merits of the claims raised on appeal. *See Butler v. Illes*, 747 A.2d 943 (Pa.Super. 2000) (holding appellant waived claim where she failed to set forth adequate argument concerning her claim on appeal; appellant's argument lacked meaningful substance and consisted of mere conclusory statements; appellant failed to cogently explain or even tenuously assert why trial court abused its discretion or made error of law). *See also Lackner v. Glosser*, 892 A.2d 21 (Pa.Super 2006) (explaining appellant's arguments must adhere to rules of appellate procedure, and arguments which are not appropriately developed are waived; arguments not appropriately developed include those where party has failed to cite relevant authority in support of contention). Indeed, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." *Coulter v. Ramsden*, 94 A.3d 1080, 1088 (Pa.Super. 2014), *appeal denied*, 631 Pa. 719, 110 A.3d 998 (2014).

Instantly, Appellant's argument section regarding his first issue cites a single case, *Commonwealth v. Burton*, 451 Pa. 12, 15, 301 A.2d 675, 677 (1973), for the proposition that when a defendant contests a portion of the pre-sentence report, he may offer evidence in rebuttal and disclose the inaccuracies in the report to a judge. Nevertheless, Appellant cites **no** authority whatsoever regarding pre-sentence motions to withdraw a guilty plea, the trial court's standards for evaluating such claims, or this Court's

standard and scope of review of such claims. In other words, Appellant has failed to provide any legal authority to support his argument that counsel's absence from the pre-sentence interview entitles him to relief. Therefore, Appellant has waived this issue. ***See Lackner, supra***; ***Butler, supra***.

Further:

> [A]ny issue not raised in a Rule 1925(b) statement will be deemed waived for appellate review. ***See Commonwealth v. Lord***, 553 Pa. 415, 719 A.2d 306, 309 (1998). Further, an appellant's concise statement must identify the errors with sufficient specificity for the trial court to identify and address the issues the appellant wishes to raise on appeal. ***See*** Pa.R.A.P. 1925(b)(4)(ii) (requiring a Rule 1925(b) statement to "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge"). This Court [has] explained ... that Pa.R.A.P. 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal.

***Commonwealth v. Bonnett***, 239 A.3d 1096, 1106 (Pa.Super. 2020), *appeal denied*, 666 Pa. 83, 250 A.3d 468 (2021). ***See also*** Pa.R.A.P. 1925(b)(4)(vii) (stating that issues not included in concise statement and/or not raised in accordance with rule are waived).

Here, Appellant's Rule 1925(b) statement states only that the court erred in denying his motion to withdraw his plea. It does not state whether Appellant challenges the pre- or post-sentence motion. Further, it does not discuss, in any form or fashion, Appellant's claim regarding counsel's presence at the pre-sentence investigation interview. As a result, the trial court did not address the argument Appellant raises on appeal in its Rule 1925(a) opinion.

Therefore, Appellant's first issue is waived on this ground as well. ***See Bonnett, supra***.

Moreover, Appellant's issue would not merit relief in any event. Our review of the denial of a pre-sentence motion to withdraw a guilty plea implicates the following principles:

> [W]e recognize that at "any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." Pa.R.Crim.P. 591(A). The Supreme Court of Pennsylvania recently clarified the standard of review for considering a trial court's decision regarding a defendant's pre-sentence motion to withdraw a guilty plea:
>
> > Trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth.
>
> ***Commonwealth v. Carrasquillo***, 631 Pa. 692, [704,] 115 A.3d 1284, [1291-92] (2015) (holding there is no *per se* rule regarding pre-sentence request to withdraw a plea, and bare assertion of innocence is not a sufficient reason to require a court to grant such request). We will disturb a trial court's decision on a request to withdraw a guilty plea only if we conclude that the trial court abused its discretion. ***Commonwealth v. Gordy***, 73 A.3d 620, 624 (Pa.Super. 2013).

***Commonwealth v. Davis***, 191 A.3d 883, 888-89 (Pa.Super. 2018), *appeal denied*, 650 Pa. 308, 200 A.3d 2 (2019) (quoting ***Commonwealth v. Blango***, 150 A.3d 45, 47 (Pa.Super. 2016)).

> [A] defendant's innocence claim must be at least plausible to demonstrate, in and of itself, a fair and just reason for presentence withdrawal of a plea. More broadly, the proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice.

*Carrasquillo, supra* at 705-06, 115 A.3d at 1292 (internal citation omitted).

"[B]oth the timing and the nature of the innocence claim, along with the relationship of that claim to the strength of the government's evidence, are relevant." *Commonwealth v. Islas*, 156 A.3d 1185, 1190 (Pa.Super. 2017) (internal footnote omitted).

Additionally, a defendant's failure to establish a plausible claim of innocence renders unnecessary a consideration of whether pre-sentence withdrawal of the guilty plea would substantially prejudice the Commonwealth. *See Carrasquillo, supra* at 706 n.9, 115 A.3d at 1293 n.9 (declining to address prejudice to Commonwealth, because defendant failed to assert plausible claim of innocence); *Commonwealth v. Hvizda*, 632 Pa. 3, 9, 116 A.3d 1103, 1107 (2015) (holding pre-sentence request to withdraw plea failed where defendant made only bare assertion of innocence).

Instantly, the trial court observed:

> In the present case, [Appellant] entered two written open plea[s] on March 22, 2024. On page 6, [Appellant] certified that he was pleading guilty and that he understood he could not come back to court later and say that he was not guilty. [Appellant] signed these certifications and was then questioned by the court to determine if he understood what he was doing and that the plea was knowing, intelligent and voluntary. These certifications were witnessed and attested

to by the both [Appellant's] attorney and the prosecutor, as well as the trial court. [Appellant] signed a second colloquy advising him, again, of the charge to which he was pleading, with the range of possible incarceration and stating "I knowingly, voluntarily, and intelligently make this plea of guilty." The court asked [Appellant], prior to admitting the plea, if he had read the colloquies and understood everything in them, and if it was his signature on the seventh page. This court further asked [Appellant] if he was entering the plea of his own free will, if anybody had forced or coerced him in any manner to enter the plea and that he was doing so of his own free will.

[Appellant] filed a motion asking to withdraw his plea merely stating that he wished to go to trial. Although a pre-sentence motion to withdraw a guilty plea should be liberally allowed, it should only be granted if there is a fair and just reason for granting the motion. A mere assertion that [Appellant] wants to now go to trial is not sufficient to permit a defendant to withdraw his guilty plea. Such a request must be plausible and demonstrate a fair and just reason for withdrawal of the plea. No colorable demonstration was made that permitting the withdrawal of his plea would promote fairness and justice. [Appellant] failed to provide a fair and just reason for withdrawing his plea ….

Subsequently, counsel for [Appellant] filed a formal motion to withdraw the guilty plea, alleging the plea was involuntary due to a combination of mental illness, limited education, damaging effects of months of solitary confinement, multiple prison assaults and deplorable prison conditions. Noticeably absent was any claim of innocence. Additionally, a mental health examination was conducted of [Appellant] on May 17[, 2024] and a pre-sentence investigation on June 21, 2024, both of which are void of any of the new complaints, but admitting to the murders.

.... [Appellant's] claims are insufficient to overcome [his] written and oral admission of guilt to these crimes, and the proposed claim would not affect the validity of those guilty pleas, nor its outcome in any manner whatsoever.

…. [Appellant's] testimony and written colloquy affirm that

he was pleading guilty because he was guilty and that he was not forced or coerced in any manner and is binding upon the defendant. It also needs to be noted that this plea took place in open court and if [Appellant] was debilitated for any reason, or showed any indication of coercion or mental instability, the plea would not have been taken. The written colloquy was witnessed by [Appellant's] attorney, the prosecutor, and the court. The oral colloquy was witnessed by the entire court staff, defense counsel, the prosecutor, and the undersigned. [Appellant's] responses to the questions asked of him were appropriate and showed no indication of any incompetence. Had [Appellant] shown any indication of mental instability or coercion, the plea would have been immediately stopped and continued until a time [Appellant] was competent. That did not occur for the simple reason that Appellant was not coerced or mentally instable such as to make the plea unknowing, involuntary, or unintelligent. Accordingly, the court acted within its discretion in refusing to allow the attempted withdrawal of the plea and as such, the judgment of sentence of this court should be affirmed.

(Trial Court Opinion, 10/3/24, at 7-10) (internal citations omitted). The record supports the trial court's analysis. Based upon the foregoing, we see no abuse of discretion in the court's denial of Appellant's request to withdraw his guilty plea. *See Carrasquillo, supra*; *Davis, supra*.

In Appellant's second issue, he contends that the trial court abused its discretion when it imposed consecutive sentences for his murder convictions. Appellant asserts that the sentence was manifestly excessive and that the trial court failed to consider mitigating factors, such as Appellant's acceptance of responsibility, his limited prior record, his deeply troubled life (including the abuse he has experienced and his mental illnesses), and his expression of remorse.

As presented, Appellant's claim challenges the discretionary aspects of

sentencing. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa.Super. 2013), *appeal denied*, 621 Pa. 692, 77 A.3d 1258 (2013) (considering challenge to imposition of consecutive sentences as claim involving discretionary aspects of sentencing); *Commonwealth v. Lutes*, 793 A.2d 949 (Pa.Super. 2002) (stating claim that sentence is manifestly excessive challenges discretionary aspects of sentencing); *Commonwealth v. Cruz-Centeno*, 668 A.2d 536 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195 (1996) (explaining claim that court did not consider mitigating factors challenges discretionary aspects of sentencing).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right." *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa.Super. 2008), *cert. denied*, 556 U.S. 1264, 129 S.Ct. 2450, 174 L.Ed.2d 240 (2009). Prior to reaching the merits of a discretionary aspects of sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (quoting *Commonwealth v. Hyland*, 875 A.2d 1175, 1183 (Pa.Super. 2005), *appeal denied*, 586 Pa. 723,

890 A.2d 1057 (2005)).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. *Commonwealth v. Mouzon*, 571 Pa. 419, 812 A.2d 617 (2002); Pa.R.A.P. 2119(f). "The requirement that an appellant separately set forth the reasons relied upon for allowance of appeal furthers the purpose evident in the Sentencing Code as a whole of limiting any challenges to the trial court's evaluation of the multitude of factors impinging on the sentencing decision to **exceptional** cases." *Phillips, supra* at 112 (emphasis in original) (internal quotation marks omitted). If the appellee objects to the appellant's failure to include the required Rule 2119(f) statement, this Court is "precluded from reviewing the merits of the claim and the appeal must be denied." *Commonwealth v. Kiesel*, 854 A.2d 530, 532-33 (Pa.Super. 2004).

Instantly, although Appellant cited the Rule 2119(f) requirement in his brief, he did not **include** a Rule 2119(f) statement setting forth a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. *See* Pa.R.A.P. 2119(f). The Commonwealth objects to this defect and argues that Appellant has waived his issue on appeal. Due to Appellant's failure to comply with Rule 2119(f), and the Commonwealth's objection on this ground, we agree that Appellant's

discretionary sentencing challenge is waived.[5]  ***See Kiesel, supra***.

Accordingly, we affirm.

Judgment of sentence affirmed.


Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary


Date: 7/3/2025

_____

[5] Even if Appellant had included the requisite Rule 2119(f) statement, his claims arguably do not raise a substantial question warranting review. ***See Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa.Super. 2010) (stating allegation that sentencing court failed to consider certain mitigating factors generally does not raise substantial question; likewise, challenge to imposition of consecutive rather than concurrent sentences ordinarily does not raise substantial question).  As well, where the sentencing court had the benefit of a pre-sentence investigation ("PSI") report, we can presume the court was aware of information regarding appellant's history and mental illnesses and weighed such information along with any mitigating factors. ***See id.***  As the court had the discretion to impose consecutive sentences and had the benefit of a PSI report in this case, Appellant would not be entitled to sentencing relief, even if he had properly invoked this Court's jurisdiction to review his sentencing challenge.