J-S68037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHANTHA J. TOK, | : | |
| | : | |
| Appellant | : | No. 748 EDA 2014 |

Appeal from the PCRA Order entered on March 7, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0015023-2009

BEFORE: ALLEN, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED NOVEMBER 26, 2014**

Chantha J. Tok ("Tok") appeals the Order dismissing his Petition filed

pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-

9546. We affirm.

The PCRA court set forth the relevant factual and procedural history in

its Opinion, which we adopt for the purpose of this appeal. **See** PCRA Court

Opinion, 5/22/14, at 1-3.

On appeal, Tok raises the following issue for our review:

> Is [Tok] entitled to post-conviction relief in the form of the grant
> of leave to file a post-sentence motion *nunc pro tunc* in the
> nature of a motion for reconsideration of sentence[,] or a
> remand for an evidentiary hearing as a result of the ineffective
> assistance of trial counsel for failing to file and litigate a post-
> sentence motion in the nature of a motion for reconsideration of
> sentence[,] as requested by [Tok]?

Brief for Appellant at 4.

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Additionally, to succeed on an ineffectiveness claim, a petitioner must demonstrate by the preponderance of the evidence that

(1) [the] underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). Counsel is presumed to be effective and the burden is on the appellant to prove otherwise. *Commonwealth v. Hanible*, 30 A.3d 426, 439 (Pa. 2011).

On appeal, Tok contends that he was prejudiced by his trial counsel's failure to file a post-sentence motion for reconsideration of sentence, as Tok requested, because the sentence imposed by the trial court was clearly

- 2 -

unreasonable.[1] Brief for Appellant at 34. Tok asserts that, had his trial counsel filed such a motion, the outcome would have been different, as his sentence would have been reduced. *Id*. Tok claims that he sent his trial counsel a letter nine days after his sentencing wherein he requested that counsel "take some sort of post-sentencing action with regard to the sentence imposed" and "to appeal this whole thing." *Id*. at 35-36.[2] Tok asserts that his trial counsel was obligated to comply with Tok's request to challenge the sentence imposed by filing a post-sentence motion, and to

---

[1] Tok purports to challenge the discretionary aspects of his sentence. However, for us to reach the merits of such an issue, four prerequisites must be met:

> 1) *the issue must be specifically preserved in a timely motion to modify sentence*; 2) a timely notice of appeal must be filed; 3) the issue must be set forth in the issues to be raised on appeal in the statement of questions presented; and 4) the issue must be included within a concise statement of reasons for allowance of appeal which demonstrates a substantial question that the sentence imposed was not appropriate under the Sentencing Code.

***Commonwealth v. Yanoff***, 690 A.2d 260, 267 (Pa. Super. 1997) (citations and footnote omitted, emphasis added); ***see also Commonwealth v. Kennedy***, 868 A.2d 582, 593 (Pa. Super. 2005) (declining to address the merits of the appellant's challenges to the discretionary aspects of his sentence where such challenges were not specifically preserved in his post-sentence motion to modify sentence).

[2] Notably, the record is devoid of any affidavit or certification from trial counsel confirming his receipt of such a letter, or explaining why he did not file a post-sentence motion on Tok's behalf, and Tok has offered no explanation for its absence. ***See Commonwealth v. Roney***, 79 A.3d 595, 607 (Pa. 2013) (rejecting appellant's speculative ineffectiveness claims because the appellant did not proffer affidavits from his trial counsel concerning what actions he took or failed to take, and did not provide an explanation as to why such an affidavit could not be procured).

thereafter file an appeal upon the denial of the post-sentence motion. *Id*. at 36. Tok argues that his trial counsel's failure to file and litigate a post-sentence motion raises a genuine issue of material fact that mandated an evidentiary hearing, and that the PCRA court improperly dismissed his Petition without granting him an evidentiary hearing. *Id*. at 38.

In support of his ineffectiveness claim, Tok contends that the trial court's aggregate sentence of 30 to 60 years in prison is unreasonable and manifestly excessive, and does not reflect a proper consideration of Tok's history, character and condition. *Id*. at 28-29. Tok claims that there is no evidence in the record with regard to his background that would warrant the imposition of the maximum sentence for third degree murder and attempted murder. *Id*. at 29. Rather, Tok asserts, the sentence imposed was impermissibly based solely on the nature and circumstance of the crime. *Id*.

Tok also contends that the trial court failed to consider or give adequate weight to certain factors, including, *inter alia*, Tok's age; his problems with unacceptance due to his Asian descent; the absence of parental presence or support early in his life; his development of a tic at an early age; his developmental delays; his problems at school due to a possible learning disability and lack of parental support; his possible brain damage due to multiple head injuries; his development of Tourette's Syndrome; his abuse of drugs and alcohol; his problems with impulse

- 4 -

control; his affiliation with gangs as a means of gaining acceptance; his acceptance of responsibility and his expression of remorse. *Id*. at 29-30.

Additionally, Tok asserts that the trial court failed to satisfy the factors set forth in 42 Pa.C.S.A. § 9725 when imposing a sentence of total confinement. Brief for Appellant at 31. Tok claims that the trial court failed to state its basis for imposing a sentence in excess of the aggravated range of the Sentencing Guidelines for certain of his offenses, in violation of 42 Pa.C.S.A. § 9721 and 204 Pa.Code § 303.1 (deadly weapon enhancement), and failed to state any sufficient reasons for imposing the sentence, in violation of Pa.R.Crim.P. 704(C)(2).[3] Brief for Appellant at 31. Tok contends that the sentence imposed by the trial court is not consistent with the protection of the public, the gravity of the offense as it relates to the life

---

[3] A claim that a sentencing court failed to state adequate reasons on the record for the sentence imposed has been held to raise a substantial question. *See Commonwealth v. Krysiak*, 535 A.2d 165, 168 (Pa. Super. 1987). Pursuant to 42 Pa.C.S.A. § 9721(b):

> In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed . . . Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

42 Pa.C.S.A. § 9721(b). However, where the sentencing judge had the benefit of a presentence report, it will be presumed that he was aware of relevant information regarding appellant's character and weighed those considerations along with the mitigating statutory factors. *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988).

of the victim and on the community, and Tok's rehabilitative needs, as required by 42 Pa.C.S.A. § 9721(b). Brief for Appellant at 31.

Finally, Tok claims that the trial court erred when it applied the deadly weapon enhancement of the Sentencing Guidelines for some of his crimes, including attempted murder. *Id*. at 32. Tok asserts that he entered a guilty plea to the crime of attempted murder as an accomplice or co-conspirator, since he did not shoot Vonthean Vonn ("Vonn"). *Id*. Tok argues that the deadly weapon enhancement does not apply to him because he did not use the weapon in the commission of the crime of attempted murder of Vonn. *Id*. at 33.

Here, the PCRA court set forth the applicable law and, after addressing each of Tok's claims raised on appeal, determined that they are without merit. *See* PCRA Court Opinion, 5/22/14, at 3-9. We agree and adopt the sound reasoning of the PCRA court for the purpose of this appeal. *See id*.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2014

PHILADELPHIA COURT OF COMMON PLEAS
CRIMINAL TRIAL DIVISION

COMMONWEALTH : 

                            CP-51-CR-0015023-2009

           v. : 

                            Superior Court No.
                            748 EDA 2014

CHANTHA TOK : 

**FILED**

MAY 2 2 2014

Criminal Appeals Unit
First Judicial District of PA

Sarmina, J.
May 22, 2014

## OPINION

### PROCEDURAL HISTORY

On January 24, 2011, Chantha Tok (hereafter, petitioner)[1] entered into a non-negotiated guilty plea[2] to murder of the third degree (F-1), conspiracy (F-1), attempted murder (F-1), firearms not to be carried without a license (F-3), carrying firearms on public streets or public property in Philadelphia (M-1), and possessing instruments of crime (PIC) (M-1).[3] Sentencing was deferred until April 20, 2011, on which date this Court sentenced petitioner to an aggregate term of not less than 30 years nor more than 60 years imprisonment.[4] Petitioner did not file post-sentence motions.

---

[1] Petitioner was represented by Francis Carmen, Esquire and Susan Ricci, Esquire at his plea.

[2] On that same date, petitioner's original co-defendant, Robert Chin (Chin), also entered into a non-negotiated guilty plea as to CP-51-CR-0015024-2009. Chin pled guilty to murder of the third degree (F-1), conspiracy (F-1), attempted murder (F-1), firearms not to be carried without a license (F-3), carrying firearms on public streets or public property in Philadelphia (M-1), and possessing instruments of crime (PIC) (M-1). 18 Pa.C.S. §§ 2502(c), 903, 901(a), 6106(a)(1), 6108, and 907(a).

[3] 18 Pa.C.S. §§ 2502(c), 903, 901(a), 6106(a)(1), 6108, and 907(a).

[4] As to the conviction for murder of the third degree, petitioner was sentenced to a term of not less than 20 years nor more than 40 years imprisonment. As to the conviction for conspiracy, petitioner was sentenced to a concurrent term of not less than 15 years nor more than 40 years imprisonment. As to the conviction for attempted murder, petitioner was sentenced to a consecutive term of not less than 10 years nor more than 20 years imprisonment. As to each of the convictions for firearms not to be carried without a license, carrying a firearm on the public streets in Philadelphia and PIC, petitioner received concurrent sentences of not less than one year nor more than five years imprisonment. Notes of Testimony (N.T.) 4/20/2011 at 92-93. This Court imposed the identical sentences on co-defendant Chin. Id. at 92.

On January 3, 2012, petitioner filed a timely *pro se* petition pursuant to the Post-Conviction Relief Act (PCRA).[5] Counsel was appointed[6] and, on June 25, 2012, filed an amended petition. On September 27, 2013, the Commonwealth filed a motion to dismiss. On October 3, 2013, petitioner filed a reply to the Commonwealth's motion to dismiss, and on October 23, 2013, supplemented that filing with a Supplemental Amended Petition. On December 12, 2013, after considering the pleadings and conducting an independent review, this Court sent petitioner notice pursuant to Pa.R.Crim.P. 907 (907 Notice) of its intent to dismiss his petition without a hearing. PCRA counsel did not respond to this Court's 907 Notice and, on March 7, 2014, this Court formally dismissed the petition. This timely appeal followed.

## FACTS[7]

Shortly before 8 PM on October 14, 2009, Tona Yann (Yann), Chin, and petitioner got into Chin's 1992 Honda Accord; Chin entered the driver's seat, Yann took the front passenger's seat, and petitioner sat in the back seat. With the headlights off, Chin drove from 109 Wentz Street, Philadelphia, PA to a pool hall located around the corner at Front and Olney Streets. As their car approached the pool hall, a man named Vonthean Vonn (Vonn) walked across the street, crossing in front of Chin's car before sitting in his own vehicle. Chin's car was positioned next to Vonn's car, facing the opposite direction; thus, the driver's side of Vonn's car was facing the driver's side of Chin's car. From the driver's seat, Chin yelled out to Vonn, "What set you bang?" Vonn then heard another voice from Chin's car, yelling, "Shoot him!" in Cambodian. Chin then pulled out a gun and fired at least six times in Vonn's direction. One of the bullets grazed Vonn's right arm, which had been placed on the steering wheel when Chin opened fire.

Immediately after shooting at Vonn, Chin drove away. With the car's headlights still off, the 1992 Honda Accord approached 136 West Fisher Avenue – the residence of Nathaniel Lopez (Lopez) and Annette Flores (Flores). Lopez and Flores had just returned home; Lopez was standing outside of his car, locking it. Flores noticed that Chin's car was in operation with its lights off; she yelled towards the car, instructing the driver to turn the lights on. As the 1992 Honda Accord pulled up next to Lopez and Flores, Chin passed the gun to petitioner, who was still seated in the back seat. Petitioner pointed the gun out of the

---

[5] 42 Pa.C.S. §§ 9541-9546.

[6] Mitchell Strutin, Esquire, was appointed to represent petitioner on collateral attack.

[7] This Court recites the facts underlying petitioner's convictions as presented by ADA McCaffery at petitioner's plea. N.T. 1/24/2011 at 29-38.

2

rear passenger side window and fired twice at Lopez, striking him in the chest. The bullet traveled through Lopez's ribs, lungs, and heart, killing him.

## LEGAL ANALYSIS

Petitioner raises a single issue on appeal.[8]

**1. Trial counsel was ineffective for failing to file and litigate a post-sentence motion requesting reconsideration of the sentence imposed by this Court.**

Petitioner contends that trial counsel was ineffective for failing to file and litigate a post-sentence motion requesting reconsideration of sentence.

Petitioner claims that on April 29, 2011, nine days after sentencing, petitioner wrote to his attorney, Susan Ricci, Esquire, asking her "to appeal this whole thing." Supplemental Amended Petition, 10/23/2013 at Exhibit A. However, Ms. Ricci did not file post-sentence motions within the 10-day period. Petitioner argues that counsel was ineffective for failing to file that motion for two reasons: (a) this Court had not properly considered petitioner's personal history and character; and (b) this Court failed to state a sufficient basis for sentencing petitioner beyond the aggravated range for attempted murder. Amended Petition, 6/25/2012 at ¶¶ 52, 65; Reply to Commonwealth's Motion to Dismiss, 10/3/2013 at 3-4.

To succeed on a claim of ineffective assistance of counsel for failing to file post-sentence motions, petitioner bore the burden to demonstrate each prong of the Strickland[9] ineffective assistance of counsel test. Commonwealth v. Reaves, 923 A.2d 1119, 1132 (Pa. 2007); see also Commonwealth v. Liston, 977 A.2d 1089, 1092 (Pa. 2009) ("The failure to file post-sentence motions does not fall within the ambit of situations where a defendant alleging ineffective assistance of counsel need not prove prejudice to obtain relief."). Accordingly, petitioner had to prove that (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or

---

[8] This Court has rephrased petitioner's issue as articulated in his Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b) (1925(b) Statement) for ease of disposition.

[9] 466 U.S. 668 (1984).

3

failure to act; and (3) petitioner suffered prejudice as a result of counsel's error, such that the result of the proceeding would have been different absent such error. Commonwealth v. Fears, 86 A.3d 795, 804 (Pa. 2014) (citations omitted). "Failure to prove any prong of this test will defeat an ineffectiveness claim." Id., *citing* Commonwealth v. Basemore, 744 A.2d 717, 738 n.23 (Pa. 2000).

    (a) Trial counsel was ineffective for failing to file post-sentence motions, challenging this Court's failure to properly weigh petitioner's personal history and character.

Petitioner's first sub-claim is that trial counsel was ineffective for failing to file post-sentence motions in light of this Court's failure to properly weigh petitioner's personal history and character. This claim fails, as this Court consulted petitioner's pre-sentence investigation, evaluating mitigating factors in petitioner's past prior to sentencing petitioner.

As a sentencing court is required to consider both "the particular circumstances of the offense and the character of the defendant," imposing a sentence without having considered both the circumstances of the offense and the defendant's character would be in contravention of Pennsylvania law. Commonwealth v. Griffin, 65 A.3d 932, 937 (Pa.Super. 2013).

> In imposing sentence, a trial court is required to consider the particular circumstances of the offense and the character of the defendant. The trial court should refer to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. **However, where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.** Additionally, the sentencing court must state its reasons for the sentence on the record. **The sentencing judge can satisfy the requirement that reasons for imposing sentence be placed on the record by indicating that he or she has been informed by the pre-sentence report; thus properly considering and weighing all relevant factors.**

Commonwealth v. Boyer, 856 A.2d 149, 154 (Pa.Super. 2004) (emphasis added).

In Commonwealth v. Fowler, the Superior Court faced a challenge to the discretionary aspects of sentencing. 893 A.2d 758, 766 (Pa.Super. 2006). Prior to sentencing the defendant, the sentencing court stated, "I've read the presentence investigation report and I've listened to everything that was stated today and I've read the submissions, as I indicated previously. I've also

4

considered the fact that [appellant] has pled to this charge." Id. The Superior Court rejected the challenge to the discretionary aspects of sentencing, finding that the sentencing court's reference to the presentence report invoked a presumption that the court properly weighed mitigating factors: "Since the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, **we are required to presume that the court properly weighed the mitigating factors present in the case.**" Id. (emphasis added); see also Commonwealth v. Jones, 942 A.2d 903, 908 (Pa.Super. 2008) ("Our supreme court has held that where the trial court is apprised by a pre-sentence report, it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed.").

Here, petitioner contends that this Court based petitioner's sentence entirely on the offense committed, failing to weigh mitigating factors. Petitioner specifies the following factors as having been absent from this Court's consideration:

(1) Petitioner's age at the time of the incident (he was 19).
(2) That petitioner "may have experienced problems with being accepted due to his Asian descent." Id. at ¶ 57.
(3) Petitioner's parents were absent from his early life.
(4) Petitioner developed a tic at an early age.
(5) Petitioner experienced developmental delays.
(6) Petitioner experienced problems at school because of a "possible learning disability" and "absence of parental support." Id.
(7) Petitioner "may have sustained brain damage due to mild head injuries."
(8) Petitioner was ridiculed and teased at school.
(9) Petitioner was in special education classes.
(10) Petitioner suffered from Tourette's syndrome.
(11) Petitioner suffered from "impulse control problems."
(12) Petitioner abused drugs and alcohol.
(13) Petitioner's gang affiliation was "an attempt to gain acceptance."
(14) Petitioner's employment history.
(15) "The possible involvement of alcohol in the incident."
(16) Petitioner's expression of remorse.
(17) Petitioner's acceptance of responsibility.
(18) Petitioner's "adjustment to prison life."

5

Prior to sentencing petitioner, this Court expressly noted that it considered petitioner's presentence investigation report:

> THE COURT: Well, I reviewed everything that was submitted. And that included the presentence investigation; the mental health evaluation for each defendant; the computation of the prior record score, which as I've already indicated, the prior record score for each of them is a zero; and everything that was submitted both by the defense as well as by Ms. McCaffery.
>
> I've listened to everything that's been articulated here today, including the statements of both defendants. And we know what the guidelines state.

N.T. 4/20/2011 at 89-90.

As this Court considered petitioner's presentence investigation report, it must be presumed that this Court weighed mitigating factors relevant to petitioner's character. Accordingly, petitioner's first sub-claim lacked arguable merit and failed.

### (b) Trial counsel was ineffective for failing to file post-sentence motions, alleging that this Court failed to state a sufficient basis for sentencing petitioner beyond the aggravated range for attempted murder.

Petitioner's second sub-claim is that trial counsel was ineffective for failing to file post-sentence motions, alleging that this Court failed to state a sufficient basis for sentencing petitioner beyond the aggravated range for attempted murder. As this Court did not impose an "unreasonable" sentence, petitioner cannot show that he was prejudiced by counsel's failure to object and his claim fails.

In order to prove that counsel's failure rises to the level of prejudice, a PCRA petitioner challenging discretionary aspects of sentencing bears the burden to prove that an appellate court reviewing the sentence would find it to be "unreasonable." Commonwealth v. Lawrence, 960 A.2d 473, 479 (Pa.Super. 2008). The reasonableness of a sentence is informed by the Sentencing Guidelines. Commonwealth v. Sheller, 961 A.2d 187, 190 (Pa.Super. 2008) ("When imposing a sentence, the sentencing court is required to consider the sentence ranges set forth in the Sentencing Guidelines, but it [is] not bound by the Sentencing Guidelines.").

6

A court may depart from the guidelines "if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community."

Id., *quoting* Commonwealth v. Eby, 784 A.2d 204, 206 (Pa.Super. 2001).

The sentencing court in Sheller imposed a sentence in excess of the applicable aggravated range by six months. Id. at 191. Reviewing the reasonableness of this departure, the Superior Court found that the sentencing court elected to exceed the aggravated range of the Sentencing Guidelines because of (a) the trauma imposed on the victim's family; (b) children were left without a mother; (c) the shooting was committed at close range; and (d) the crime has caused extreme hardship to others. Id. The Superior Court determined that the sentencing court's reliance on those factors – the impact on the victim's relatives, as well as the fact that the crime was committed in the family home while the victim's twelve-year old daughter was present – did not constitute an abuse of discretion, and the sentence was not "unreasonable." Id. at 192.

Similarly, in Lawrence, the petitioner received a sentence in excess of the Sentencing Guidelines. Looking to the factors enumerated in § 9721(b)[10] and § 9781(d)[11] of the Sentencing

---

[10] § 9721(b) of the Sentencing Code provides, *inter alia*, the following:

> [T]he court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing adopted by the Pennsylvania Commission on Sentencing and taking effect pursuant to § 2155 (relating to publication of guidelines for sentencing). In every case in which the court imposes a sentence for a felony or misdemeanor, the court shall make as part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. In every case where the court imposes a sentence outside the sentencing guidelines adopted by the Pennsylvania Commission on Sentencing pursuant to § 2154 (relating to adoption of guidelines for sentencing) and made effective pursuant to § 2155, the court shall provide a contemporaneous written statement of the reason or reasons for deviation from the guidelines. Failure to comply shall be grounds for vacating the sentence and resentencing the defendant.

[11] § 9781(d) provides:

In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.
(FN cont'd…)

7

Code as part of its inquiry into the reasonableness of the sentence, the <u>Lawrence</u> Court "made a determination that Lawrence's aggressive and assaultive behavior, his use and abuse of alcohol and cocaine, his lack of remorse and his prior criminal history, mandated a sentence of total confinement and one that required the imposition of statutory maximum sentences." <u>Id.</u> As the sentence accounted for the need to protect society, the impact on the victim's family and society, the nature and circumstances of the offense, the petitioner's criminal history and personal characteristics, the sentence was not "unreasonable" and trial counsel's failure to object did not prejudice the petitioner. <u>Id.</u> at 479-80.

In this case, this Court sentenced petitioner to a term of not less than 120 months nor more than 240 months imprisonment for attempted murder, which was 21 months beyond the aggravated range.[12] This Court was guided by the general principles that the sentence imposed should be consistent with the protection of the public, the gravity of the offense as it relates to the victim and the community, as well as the rehabilitative needs of the offender. As to the principle that the sentence should reflect concern for public safety, this Court found it relevant that petitioner and his co-conspirators were targeting innocent victims without any provocation, warning or reason. In its "Guideline Sentence Form," this Court stated that "[t]he victim, an innocent target, was shot [ ] six

---

(FN cont'd...)
    (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
    (3) The findings upon which the sentence was based.
    (4) The guidelines promulgated by the commission.

[12] The aggravated range here was 81-99 months. The range prescribed by the sentencing guidelines for an individual without a prior record score, who is convicted of attempted murder (without serious bodily injury) – and the deadly weapon enhancement (DWE) for possession is applied – is 69 months to 87 months, plus-or-minus 12 months. 204 Pa.Code §§ 303.15; 303.17a. The DWE/Possession Matrix applies when the offender "possessed a deadly weapon during the commission of the current offense." 204 Pa.Code § 303.10(a)(1). "An offender has possessed a deadly weapon if any of the following were on the offender's person or within his immediate physical control: (i) any firearm (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded[.]" <u>Id.</u> Where an offender has knowledge of the existence of a weapon and "could easily have been given or taken the gun at any moment," the deadly weapon enhancement for possession applies to him. Commonwealth v. Phillips, 946 A.2d 103, 114 (Pa.Super. 2008), citing Commonwealth v. Pennington, 751 A.2d 212, 216-17 (Pa.Super. 2000). The DWE/Possession applied to petitioner, as he was in the immediate vicinity of Chin when Chin fired six shots at Vonn, and could have taken the gun at any moment. In fact, Chin turned and passed the gun to petitioner shortly after shooting at Vonn.

8

times at close range, with some bullets piercing his clothing." See Exhibit A, Guideline Sentence Form, 4/28/2011 at 2. As to the principle that the sentencing court should consider the gravity of the offense as it relates to the victim, this Court was persuaded by the fact that six gunshots were fired at Vonn, one of which grazed his skin, and another of which went through the headrest where he was seated. N.T. 4/20/2011 at 50-51. That bullet missed Vonn's head by a matter of inches. As ADA McCaffery stated during argument at the sentencing hearing, "Mr. Vonn will probably never walk to his car again alone at night and not think about that white Honda pulling up to him and Chin firing at him, bullets piercing his clothes, pounding into his car, and through the headrest." Id. at 51. And as to the principle that the sentence should reflect the rehabilitative needs of the offender, this Court considered petitioner's susceptibility to peer pressure when in an unstructured environment. Without family, petitioner turned to gangs for acceptance. Id. at 17. Although he had been a productive member of society at the age of 16, working six days per week, for 12 hours per day, he joined the CBC gang and committed random acts of extreme violence, "trying to fit in." Id. at 19. Even after the shootings on October 14, 2009, petitioner succumbed to the group mentality, and returned to the pool hall "just to go have some more fun." Id. at 87. Concerned by petitioner's weakness in the face of peer pressure, this Court found that the structure of prison would be better suited for petitioner's rehabilitative needs.

As this Court's decision to impose a sentence in excess of the aggravated guideline range had significant support, this sentence was not "unreasonable." Accordingly, petitioner was not prejudiced by counsel's failure to object at the time of sentencing. For the foregoing reasons, this Court decision to deny and dismiss petitioner's PCRA petition should be affirmed.

BY THE COURT:

M. TERESA SARMINA                    J.

9