J-S51038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CAMDYN DAVIS-OSTERHOUDT | : | |
| | : | |
| Appellant | : | No. 601 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 31, 2019
In the Court of Common Pleas of Tioga County Criminal Division at
No(s): CP-59-CR-0000333-2018

BEFORE: MURRAY, J., McLAUGHLIN, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:          **FILED: JANUARY 5, 2021**

Appellant, Camdyn Davis-Osterhoudt, appeals from the judgment of sentence[1] entered in the Tioga County Court of Common Pleas, following his guilty plea to one count of robbery.[2] He insists the trial court abused its discretion by imposing a harsher sentence than that received by his co-defendant. For the following reasons, we are compelled to quash this appeal.

---

[1] Appellant's notice of appeal purports to appeal from both the October 28, 2019, "Sentencing Order" and the February 14, 2020, "Order . . . denying [Appellant's] Post-Sentence Motion." Appellant's Notice of Appeal, 3/10/20. However, criminal appeals "properly lie[ ] from the judgment of sentence[,] made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger***, 788 A.2d 408, 410 n.2 (Pa. Super. 2001) (*en banc*). Therefore, our Prothonotary has changed the caption.

[2] 18 Pa.C.S. § 3701(a)(1)(ii).

The facts underlying this appeal are as follows.[3] On September 6, 2018, Appellant and Naseer Timothy Burzak (Co-Defendant) entered the victims' residence armed with an assault rifle and handgun. N.T., Guilty Plea H'rg, at 11-12; N.T., Sentencing H'rg, at 3. Appellant and Co-Defendant were dressed in black, wearing gorilla masks and black gloves. N.T., Sentencing H'rg, at 3. Holding the victims at gunpoint, they took $150 in cash, a handgun, a wallet, a knife, and a cell phone. N.T., Guilty Plea H'rg, at 11-12; N.T., Sentencing H'rg, at 3.

Appellant and Co-Defendant were arrested and charged with numerous offenses, including robbery, criminal conspiracy, and unlawful restraint.[4] **See** Appellant's Criminal Information, 10/12/18; **Commonwealth v. Burzak**, Trial Court Docket No. CP-59-CR-332-2018 ("**Burzak** Docket"). On May 29, 2019, Co-Defendant entered a guilty plea to one count of robbery, and was sentenced, on September 12, 2019, to a term of intermediate punishment.[5] **Burzak** Docket at 7-8. On August 5, 2019, Appellant entered a guilty plea

_____

[3] We derive the facts from the Commonwealth's recitation at the guilty plea and sentencing hearings. **See** N.T. Guilty Plea Hr'g, 8/5/19, at 11-12; N.T. Sentencing Hr'g, 10/28/19, at 3.

[4] 18 Pa.C.S. §§ 903, 2902(a)(1).

[5] Specifically, the court imposed a term of five years' intermediate punishment with special conditions, including 12 months' work release at the Tioga County Prison, six months' house arrest, and the balance of the five-year term under supervised probation. **See Commonwealth v. Burzak**, N.T. Sentencing H'rg, 9/12/19, at 23-24. We note the transcript of Co-Defendant's sentencing hearing is included in the certified record for this case on appeal.

to one count of robbery with intent to cause immediate serious injury in exchange for the *nolle pros* of his remaining charges. **See** Appellant's Guilty Plea Order, 8/7/19.

A sentencing hearing was held on October 28, 2019. The trial court acknowledged it had reviewed Appellant's pre-sentence investigation report ("PSI"), and the parties agreed the sentencing guidelines called for a standard range sentence of 45 to 63 months' imprisonment. N.T., Sentencing H'rg, at 1-2. Appellant argued "he should probably receive something less[ ]" than Co-Defendant, because "as a matter of fairness," Co-Defendant "had a prior record," and Appellant did not.[6] **Id.** at 5. Notwithstanding this argument, the trial court imposed a standard range sentence of 45 to 90 months' imprisonment.[7] **Id.** at 6-7.

On October 30, 2019, two days after Appellant's sentencing hearing, the order of sentence was docketed by the Tioga County Prothonotary. Order of

---

[6] In support of his argument, Appellant has continuously stated his prior record score is lower than Co-Defendant's. However, our review of the transcript of Co-Defendant's sentencing hearing reveals his prior record score was the same as Appellant's, "zero." **Burzak**, N.T. at 4. Nevertheless, we note Co-Defendant was also sentenced for possession with intent to deliver marijuana on the same day he was sentenced for the robbery at issue herein. **See id.** at 3.

[7] Although it is not clear from the testimony at Appellant's sentencing hearing, it appears the trial court applied the "deadly weapon enhancement/possessed" to arrive at Appellant's sentencing guideline range. **See** 204 Pa.Code 303.17(a). The court did discuss, and apply, the deadly weapon enhancement to Co-Defendant's sentence. **See Burzak**, N.T. at 19-20.

Sentence, 10/30/19. Appellant filed a post-sentence motion on November 8, 2019, seeking a sentence equivalent to that received by his Co-Defendant or the opportunity to present character evidence, "if that is . . . the reason for the severe difference in sentencing." Appellant's Post-Sentence Motion, 11/8/19, at 2. Similar to his arguments at sentencing, Appellant maintained he "should have received the same sentence or perhaps a more lenient sentence than . . . Co-Defendant[,]" because "the conduct engaged in [by] both of [them] was identical[.]" Id. at 2. Moreover, Appellant reiterated he did not have a prior record, unlike Co-Defendant. Id. at 1. A hearing on Appellant's post-sentence motion was held on January 31, 2020, and the motion was denied on February 14th. The order denying Appellant's post-sentence motion was docketed February 18, 2020.

On March 31, 2020, Appellant filed a notice of appeal. The trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement, which he timely filed on April 23, 2020.

On May 4, 2020, this Court issued an order to show cause why Appellant's notice of appeal should not be deemed untimely, given more than 30 days had elapsed between the February 18th order denying Appellant's post-sentence motion and the filing of his notice of appeal on March 31st. Show Cause Order, 5/4/20. Appellant filed a response on May 13, 2020, claiming the original notice of appeal was mailed on March 10, 2020, and stamped by the prothonotary on March 16th. *See* Appellant's Response to the Court's Rule to Show Cause Concerning Untimely Notice of Appeal,

5/13/20, at 2 (unpaginated). However, the document was returned to counsel because the required filing fees were not included. *Id.* at 3. Owing to the mistake of a former legal assistant, Appellant's counsel admitted "the checks for filing fees [were not included] within the mailing along with the original Notice of Appeal."[8] *Id.* Counsel explained that, along with the required fees, the notice of appeal was then "personally delivered . . . to the Tioga County Courthouse[.]" *Id.* This Court discharged the show cause order on May 13, 2020, and referred the matter to the present merits panel. *See* Order, 5/13/20.

Appellant presents one issue for our review:

Whether the trial court abused its discretion and erred as a matter of law when it disparately sentenced Appellant to a minimum of 45 months and a maximum of 90 months incarceration when his Co-defendant was sentenced to state intermediate punishment?

Appellant's Brief at 5 (capitalization removed). Appellant argues the trial court "abused its discretion by unreasonably sentencing Appellant to a far greater and more harsh sentence than his [C]o-defendant," who was convicted of the same crime, and who had a higher prior record score than Appellant. *Id.* at 11-12. He insists "although the trial court did have the benefit of a [PSI] in this matter, it never articulated on the record its rationale and/or reasoning

_____

[8] Appellant's answer also explains, without specific reference to dates, the impact of the COVID-19 crisis, the need to file withdraw and entry of appearance for Appellant's trial and appellate counsel, and a technical issue preventing delivery of counsel's emails to the Tioga County Courthouse. *See* Appellant's Response to the Court's Rule to Show Cause Concerning Untimely Notice of Appeal, at 4-6.

as to why the Appellant received a disparate sentence[.]" ***Id.*** at 13. For the following reasons, we quash the present appeal.

Preliminarily, we note appellate courts lack jurisdiction to consider an untimely appeal. Therefore, we may review the issue of jurisdiction *sua sponte*. ***Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc*) (citation omitted).

Pursuant to Pennsylvania Rule of Criminal Procedure 720, "a written post-sentence motion shall be filed no later than 10 days **after imposition of sentence**." Pa.R.Crim.P. 720(A)(1) (emphasis added). A post-sentence motion is untimely if filed more than 10 days after the imposition of sentence, regardless of when the order imposing sentence is entered on the docket. ***Green***, 862 A.2d at 615 ("Neither [Pa.R.Crim.P. 720(A)(1)] nor the comment thereto refers to the date on which the sentence was docketed.").

Here, although Appellant's sentence was not docketed until October 30, 2019, the time for filing a post-sentence motion began to run on October 28, 2019, when Appellant's sentence was imposed in open court. ***See Green***, 862 A.2d at 615. Thus, under the mandate of Pa.R.Crim.P. 720(A)(1), Appellant was required to file his post-sentence motion no later than November 7, 2019. Instead, Appellant's post-sentence motion was docketed on November 8th, **11 days** after the imposition of sentence. Consequently, Appellant's post-sentence motion is untimely by one day. ***See Commonwealth v. Ballance***, 203 A.3d 1027, 1032 (Pa. Super. 2019) (post-sentence motion, untimely by one day, did not toll direct appeal period,

- 6 -

notwithstanding fact that trial court held hearing and denied motion on the merits).

Furthermore, we conclude Appellant's notice of appeal was also filed untimely. Ordinarily, a defendant must file a notice of appeal "within 30 days of **imposition of sentence**[.]" Pa.R.Crim.P. 720(A)(3) (emphasis added). If a defendant files a **timely** post-sentence motion, a notice of appeal must be filed no later than "30 days of the entry of the order deciding the [post-sentence] motion[.]" Pa.R.Crim.P. 720(A)(2)(a). "[W]here the defendant does not file a timely post-sentence motion, there is no basis to permit the filing of an appeal beyond 30 days after the imposition of sentence." **Green**, 862 A.2d at 618. Thus, an untimely post-sentence motion does not toll the appeal period, and a defendant must file a notice of appeal within 30 days of the imposition of sentence. **Id**.

In the present case, Appellant was sentenced on October 28, 2019. He then filed an **untimely** post-sentence motion on November 8th. As a result, the appeal period was not tolled. **See Green**, 862 A.2d at 618. Appellant's notice of appeal was then due November 26, 2019, 30 days after the imposition of sentence.[9] **See** Pa.R.Crim.P. 720(A)(3). However, Appellant

---

[9] Alternatively, an untimely post-sentence motion can toll the appeal period if the trial court allows a defendant to file the post-sentence motion *nunc pro tunc*. **Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015). A defendant seeking relief *nunc pro tunc* must, within 30 days of the imposition of sentence, **request** consideration of a post-sentence motion *nunc pro tunc* and the trial court must **expressly permit** the *nunc pro tunc* filing.

filed his notice of appeal on March 31, 2020, more than 150 days after sentencing. Appellant's notice of appeal was therefore untimely filed.[10]

Accordingly, we are constrained to quash this appeal.[11] *See Green*, 862 A.2d at 615.

Appeal quashed.

---

*Id.* citing **Commonwealth v. Dreves**, 839 A.2d 1122, 1128-29 (Pa. Super. 2003) (*en banc*). "If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended." **Id.** Here, Appellant neither requested consideration of his post-sentence motion *nunc pro tunc*, nor did the trial court expressly permit the filing of the post-sentence motion under such authority. Therefore, Appellant's untimely post-sentence motion did not toll the appeal period.

[10] Even if Appellant's notice of appeal had been "filed" when first received by the trial court on March 16, 2020, it would still have been untimely. **See** Appellant's Response to the Court's Rule to Show Cause Concerning Untimely Notice of Appeal, 5/13/20, (unpaginated).

[11] Assuming *arguendo* this Court had jurisdiction to consider the merits of Appellant's case, we would conclude his disparate sentence claim is waived for failure to include the argument in his 1925(b) concise statement. **See** Pa.R.A.P. 1925(b)(4)(ii) (litigants are required to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge."); **see also Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) ("issues not raised in a Pa.R.A.P.1925(b) statement will be deemed waived."). Appellant's 1925(b) concise statement alleges the trial court imposed a manifestly excessive sentence by failing to consider "all relevant statutory sentencing factors[.]" Appellant's Concise Statement of Matters Complained of on Appeal Pursuant to Rule 1925(b) Order, 4/23/20. However, in his brief, Appellant simply argues the court abused its discretion in imposing a "far greater and more harsh sentence than" Co-Defendant. Appellant's Brief at 12. Thus, his disparate sentence claim would be waived. Moreover, we note "it has never been a rule in this Commonwealth that co-defendants are required to receive equal sentences[.]" **Commonwealth v. Krysiak**, 535 A.2d 165, 167 (Pa. Super. 1987) (citation omitted).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 01/05/2021