J-A06024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JEREMY DUANE ROSS | : | |
| | : | |
| Appellant | : | No. 736 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 27, 2021
In the Court of Common Pleas of Warren County Criminal Division at
No(s): CP-62-CR-0000197-2020

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY SULLIVAN, J.: **FILED: MAY 6, 2022**

Jeremy Duane Ross ("Ross") appeals from the judgment of sentence imposed following his guilty pleas to endangering the welfare of a child ("EWOC") and possession of a controlled substance.[1] We affirm.

The relevant factual and procedural history is as follows. Ross and his codefendant, Kodie Fuller ("Fuller"), are the biological parents of J.J.R. ("Child"). In November 2019, medical staff at Corry Memorial Hospital evaluated Child, then four months old, and concluded that he was suffering from methamphetamine poisoning. Ross blamed Fuller, and Fuller blamed Ross, for the poisoning. Pursuant to a search of the family home, police found

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 18 Pa.C.S.A. § 4304(a)(1), 35 P.S. § 780-113(a)(16).

methamphetamine and paraphernalia in a common area, as well as a syringe in Child's crib. Police arrested Ross and Fuller and charged them with EWOC and possession of a controlled substance.

In December 2020, the trial court conducted a plea hearing at which Ross entered an open guilty plea to EWOC and possession of a controlled substance. Ross's previously imposed bail conditions, including reporting requirements, remained in effect pending sentencing. The plea court scheduled Ross's sentencing for April 23, 2021; however, at that sentencing hearing, Ross appeared intoxicated, which required the hearing to be continued to April 27, 2021.

At the April 27, 2021 sentencing hearing, the trial court observed, "it was clear that [Ross] had used" that day, which required moving the hearing date. N.T., 4/27/21, at 18-19. The court further observed that Ross's presentence investigation report ("PSI") indicated that he had violated the conditions of his bail supervision by failing to report. *Id*. at 20. Finally, the court noted that Ross and Fuller had left a syringe in Child's crib. *Id*. at 20-21. The court then imposed a standard-range sentence of six to twelve months of incarceration for possession of a controlled substance, and a consecutive aggravated-range sentence of fifteen to thirty months of incarceration for EWOC, for an aggregate sentence of twenty-one to forty-two months of incarceration. The court explained that it had sentenced Ross in the aggravated range for EWOC because "this injury that occurred was an

injury to a vulnerable infant, someone who could not protect herself," and, "in terms of the location of the paraphernalia . . . [this was] something foreseeable." *Id*. at 22. The court also highlighted Ross's failure to take "any accountability for this crime . . .." *Id*.

Ross filed a timely motion for reconsideration wherein he noted that Fuller had received a standard range sentence for EWOC based on the same actions as Ross and asked the court to resentence him to a standard range sentence for EWOC. The court scheduled a hearing on the motion. At the hearing, the court elaborated on its reasons for imposing a sentence in the aggravated range for EWOC:

> [W]hat I saw at the time was . . . that [Fuller] was engaged in treatment . . ..
>
> And in [Ross's] case[,] what I saw was he was placed on bail supervision to be supervised by the . . . [p]robation [d]epartment, ordered to report as directed and wear a drug patch, stopped reporting as of December[,] and as a result[,] his bail was revoked in January, and the bail revocation was really part of the concern because the [c]ourt has to look at amenability to treatment. What I was looking at in terms of the state sentence is that he would be in a position to get better treatment, more treatment . . ..
>
> That's not the reason I aggravated the sentence. The reason I aggravated the sentence[,] quite frankly[,] was the age of the child.
>
> I didn't do it in [Fuller's] case, he's correct. In [her] case there was more cooperation in terms of treatment and I believe that that was what was reported to me at [the] time of sentencing. So that was the difference for me.
>
> * * * *

So . . . [Ross] was in a position where he really was not amenable to any sort of treatment, high at the time of sentencing, and while I understand that he believes the sentence shouldn't have been aggravated, when we're dealing with a four[-]month[-]old child, I think it's perfectly appropriate.

N.T., 5/28/21, at 3-4. At the conclusion of the hearing, the court denied Ross's motion for reconsideration. Ross filed a timely notice of appeal, and both he and the sentencing court complied with Pa.R.A.P. 1925.

Ross presents the following issues for our review:

1. Did the [t]rial [c]ourt err and abuse its discretion by imposing a sentence that was biased, prejudicial, and violated [Ross's] due process rights when it imposed an aggravated range sentence on [him] and used factors applying to both [Ross] and [Fuller], when [Fuller] did not receive an aggravated sentence for the same charges and same factual allegations from the same incident?

2. Did the [t]rial [c]ourt err and abuse its discretion by improperly basing the aggravated range sentence on the fact that [Ross] would receive better treatment at the state level because of a relapse when a state level sentence could have been accomplished by a standard range sentence[?]

3. Did the [t]rial [c]ourt err and abuse its discretion by imposing a sentence that was excessive and violated [Ross's] due process in that it was punishing him for re-lapsing and testing positive for an illegal substance on the day of sentencing when he did not act in any outward manner during the original sentencing proceeding and as a result had his bail revoked, the sentencing continued and spent additional days in jail before sentencing had occurred[?]

4. Did the [t]rial [c]ourt err and abuse its discretion by imposing a sentence that violated [Ross's] due process when it cited an aggravating factor, the child's age that was not part of the facts pled to and thus circumvented the plea negotiated between the Commonwealth and [Ross][?]

- 4 -

Ross's Brief at 7.

Each of Ross's issues presents a challenge to the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence does not entitle an appellant to review as of right. *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010). Rather, such a challenge must be considered a petition for permission to appeal. *See Commonwealth v. Christman*, 225 A.3d 1104, 1107 (Pa. Super. 2019). Before reaching the merits of a discretionary sentencing issue:

> [w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (internal citation and brackets omitted).

Here, Ross timely appealed his judgment of sentence and included a Rule 2119(f) statement in his brief. Although Ross filed a timely post-sentence motion, we must determine whether he raised his discretionary sentencing claims in that motion and therefore preserved them for our review.

In his motion for reconsideration, Ross challenged his sentence solely based on the disparity between the sentences that he and Fuller received for EWOC. *See* Mot. for Reconsideration, 5/6/2021, at ¶¶ 9-10. At the hearing on that motion, Ross did not raise any additional sentencing challenges. *See* N.T., 5/28/21. Thus, while Ross preserved his first issue by raising it in his

motion for reconsideration, he failed to preserve his remaining issues for our review. *See* Pa.R.Crim.P. 720; *see also Commonwealth v. Watson*, 835 A.2d 786, 791 (Pa. Super. 2003) (holding that a challenge to the discretionary aspects of sentencing must be raised at sentencing or in a post-sentence motion; and absent such efforts, an objection to a discretionary aspect of a sentence is waived).

Having determined that Ross preserved his first issue for our review, we must next review Ross's Rule 2119(f) statement to determine whether he has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code. In his Rule 2119(f) statement, Ross contends that the trial court acted with bias, prejudice, and partiality when it imposed an aggravated range sentence for EWOC on Ross but imposed a non-aggravated range sentence for EWOC for Fuller "for the same charges and same factual allegations from the same incident." *See* Ross's Brief at 12.[2] This Court has ruled that a challenge to an unexplained disparity in sentences imposed on co-defendants for the same criminal conduct raises a substantial question. *See Commonwealth v. Mastromarino*, 2 A.3d 581, 589 (Pa.

---

[2] To the extent that Ross now styles his first issue as violation of "due process," any due process argument is waived for failure to raise it at sentencing or in his post-sentence motion. *See Commonwealth v. Stultz*, 114 A.3d 865, 885 (Pa. Super. 2015) (noting that due process sentencing issues are waivable).

Super. 2010). We therefore grant Ross permission to appeal the discretionary aspects of his EWOC sentence and proceed to review the issue on its merits.

In reviewing Ross's discretionary sentencing claim, we are mindful of the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Garcia-Rivera***, 983 A.2d 777, 780 (Pa. Super. 2009) (citation omitted).

Our legislature has determined that for each defendant, "the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). Each co-defendant in a crime may pose a different threat to the community and may have different rehabilitative needs, it is therefore not required that co-defendants receive identical sentences. ***See Mastromarino***, 2 A.3d at 589; ***see also Commonwealth v. Krysiak***, 535 A.2d 165, 167 (Pa. Super. 1987). However, there should not be a great disparity in the sentences imposed on co-defendants unless facts exist to warrant the unequal sentences. ***See***

*Commonwealth v. Szczesniewski*, 591 A.2d 1055, 1056-57 n.2 (Pa. Super. 1991) (holding that courts should endeavor to impose similar sentences to co-defendants when justice so dictates). For different sentences to withstand appellate scrutiny, a sentencing court must give reasons particular to each defendant explaining why each received individual sentences. *See Mastromarino*, 2 A.3d at 589.

Here, Ross argues the sentencing court abused its discretion by imposing an aggravated sentence for EWOC for him, but not imposing an aggravated sentence for EWOC for Fuller. *See* Ross's Brief at 17. He maintains that their sentences, while disparate, are based on "factors that applied to both" of them. *Id*. at 17-18.

The sentencing court considered Ross's issue and determined that it lacked merit. The court explained that it relied on "several" factors in sentencing Ross for EWOC, including: his prior criminal record; the PSI; arguments made by the prosecutor and Ross's counsel; Ross's allocution; and the "facts and circumstances" of the case. *See* Trial Court Opinion, 8/3/21, at 6. The court observed that both Ross and Fuller failed to "take ownership of their actions," but while both also had the opportunity to "take this horrid experience as a means to seek help and treatment," only Fuller sought treatment. *Id*. at 6. The court pointed out that Ross, instead, failed to report in violation of his bail supervision rules, and showed up to his sentencing intoxicated. *Id*. at 8. The sentencing court considered these facts in light of

the protection of the public, its impact on the victim, and Ross's rehabilitative needs. The court reasoned that Ross required a sentence for EWOC that differed from Fuller's sentence for EWOC because Ross had demonstrated low "rehabilitative potential," given his prior criminal history, the nature of this offense, and his demonstrated "clear disregard for his treatment and rehabilitation" by violating the rules of his supervision and appearing intoxicated at his own sentencing hearing. *Id*.

Based on our review, we conclude that the sentencing court did not abuse its discretion in imposing an aggravated-range sentence on Ross for EWOC notwithstanding the standard-range sentence it imposed on Fuller for EWOC. At the motion for reconsideration, the sentencing court acknowledged its aggravated sentence was motivated by the age of the child—which applies to both Ross and Fuller. The court elaborated, however, that Ross, in addition to his failure to abide by his bail conditions, showed up intoxicated to his sentencing hearing, thereby causing it to be continued; whereas Fuller had mitigation in the form of "more cooperation in terms of treatment," which the court expressly stated was "the difference for me." N.T., 5/28/2021, at 3. The sentencing court thus articulated individualized reasons for Ross's sentence and sufficiently explained the disparity between Ross's and Fuller's sentences.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/2022