J-S18027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRACY JEAN HUMPHREYS | : | |
| | : | |
| Appellant | : | No. 530 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002608-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRACY HUMPHREYS | : | |
| | : | |
| Appellant | : | No. 531 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002607-2021

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TRACY HUMPHREYS | : | |
| | : | |
| Appellant | : | No. 532 WDA 2024 |

Appeal from the Judgment of Sentence Entered February 15, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005751-2022

J-S18027-25

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED: July 29, 2025**

Appellant Tracy Jean Humphreys appeals from the judgment of sentence imposed after she pled guilty to one count of third-degree murder and multiple drug offenses.  Appellant challenges the discretionary aspects of her sentence. We affirm.

The trial court summarized the relevant factual and procedural history of this case as follows:

> [Appellant], was charged, along with the co-defendant, Thomas Snelsire, with the killing of [their] 12-month-old child [("Victim")]. [Appellant] was charged with [one count of] third-degree murder[, two counts of endangering the welfare of children (EWOC), three counts of possession of a controlled substance with intent to deliver (PWID), three counts of possession of a controlled substance, and one count of possession of drug paraphernalia at Docket No. 2608-2021].[1]  [At Docket No. 2607-2021, Appellant was charged] with contraband and possession of heroin and fentanyl.[2]  At [Docket No. 5751-2022, Appellant] was charged with three (3) counts of contraband, and three (3) counts of possession of a controlled substance . . . .  On September 13, 2022, [Appellant] entered a plea of guilty. . . .
>
> The 12-month-old [Victim] died as a result of mixed drug poisoning, which included fentanyl, methadone and cocaine. . . . The Commonwealth also moved to admit Report No. 3, which was a cut green straw found in [Victim's] "Pack 'n Play" which was used as a crib.  The straw tested positive for residue which contained heroin, fentanyl and gabapentin.  Also recovered was an infant syringe, without a needle, used for dosing an infant with

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 4304(a)(1), 35 P.S. §§ 780-113(a)(30), (a)(16), and (a)(32), respectively.

[2] 18 Pa.C.S. § 5123(a.2) and 35 P.S. § 780-113(a)(16), respectively.

- 2 -

baby Tylenol. The syringe contained a pink liquid, which was Tylenol[] mixed with methadone. . .

At some point in the plea process, the court addressed the [Appellant], who appeared to be standing asleep.

\* \* \*

[At the plea hearing, t]he Commonwealth proceeded to call witnesses to provide impact statements.

[A witness] related that [Appellant's] older son, age 11 at the time of the death of his sibling, was also born addicted to multiple drugs. The witness described her efforts, along with other family members to help [Appellant's] older son.

\* \* \*

[Appellant's cousin] related that [Victim] was born addicted to drugs because [Appellant] chose to use drugs. She also related that [Victim] was surrounded with drugs and was dosed daily with drugs. [Appellant's cousin] related an incident where the [Appellant,] who was intoxicated, drove the Victim into a neighbor's pool.

[Victim's paternal aunt] related that on another occasion, the [Appellant] took her car to a service station . . . and she left [Victim] in the car. . . .

[T]he paternal grandfather of [Victim] . . . . recounted the repeated and continued failure of the parents to properly care for Victim.

After the testimony of these witnesses, . . . [t]he court concluded that a Pre-Sentence Report [(PSI)] would be beneficial in assisting the court to [appropriately] sentence [Appellant].

\* \* \*

[On October 11, 2022,] the court also heard from . . . the probation office . . . that [Appellant] tested positive for K-2 and benzodiazepines that day. The court indicated that [Appellant] was to be placed inside the Allegheny County Jail so as to maintain her sobriety. Upon positive test, the court would also redo the plea process.

Subsequently, [Appellant] failed to maintain her sobriety and continued to test positive for using illegal drugs while incarcerated at the Allegheny County Jail. . . .

On February 15, 2024, [Appellant] entered a plea of guilty . . . to third degree murder at Count 1 and to the remaining charges at th[e] information [at Docket No. 2608-2021]. There was no agreement as to sentencing at [Docket No. 2608-2021]. The defendant also entered a plea of guilty at [Docket No. 2607-2021] and [Docket No. 5751-2022] with no further penalty to be imposed. The court accepted the plea and considered the impact statement of [witnesses], along with prior impact statements relative to the case. The court also considered the Commonwealth's argument and [Appellant's] statement to the court, [Appellant's] long-standing addiction to drugs and all other relevant factors.

Trial Ct. Op., 1/6/25, at 2-7 (citations omitted and some formatting altered).

Ultimately, the trial court imposed an aggregate sentence of nineteen to thirty-eight years' incarceration. Specifically, the trial court sentenced Appellant to a term of sixteen to thirty-two years of incarceration for third-degree murder, terms of one and one-half to three years of incarceration for each count of EWOC, and terms of one and one-half to three years of incarceration for each count of PWID. *See* Sentencing Order, 2608-2021, 2/15/24, at 1 (unpaginated); N.T. Sentencing, 2/15/24, at 39-41. The sentences for EWOC are concurrent to each other and consecutive to Appellant's sentence for third-degree murder. *See* Sentencing Order, 2608-2021, 2/15/24, at 2 (unpaginated). Appellant's sentences for PWID are concurrent to each other and consecutive to the sentences for third-degree murder and EWOC. *See id.* The trial court imposed no further penalty for Appellant's other convictions. *See* N.T. Sentencing, 2/15/24, at 38, 41.

Appellant filed a timely post-sentence motion for reconsideration of sentence on February 25, 2024. The trial court denied Appellant's post sentence motion, and Appellant filed a timely notice of appeal. Both Appellant and the trial court complied with the requirements of Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

The sentencing court abused its discretion in sentencing [Appellant] more harshly than [C]o-defendant based on impermissible factors.

Appellant's Brief at 12.

Appellant argues that the trial court abused its discretion by imposing a harsher sentence on Appellant than the trial court imposed on Co-defendant based on impermissible factors. *Id.* at 19. Appellant contends that she and Co-Defendant have a similar extent of culpability regarding the death of their child. *Id.* at 20-21. Appellant claims that Co-defendant "received a lower initial sentence and received a reconsidered sentence that was substantially lower than [Appellant's] sentence[,]" even though Co-defendant has a "lengthy, prolific criminal record" more severe than Appellant's. *Id.* at 22.

Further, Appellant argues that the trial court improperly weighed her status as Victim's mother by considering victim impact statements that condemned Appellant for failing to fulfill her duties as a mother. *Id*. at 24. Specifically, Appellant contends that "a defendant's status as the mother in a parental relationship is not a relevant sentencing consideration that would entitle the court to sentence a mother more harshly than a father." *Id.*

Appellant also claims that the trial court should have taken the victim impact statements "with due circumspection, given that both were relatives of [Co-defendant]" and these witnesses "had an interest in seeing that their own relative [*i.e.*, Co-defendant] was punished less harshly" than Appellant. *Id.* at 25-26. Therefore, Appellant concludes that the trial court abused its discretion in imposing Appellant's sentence.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved [her] issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise [her] issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a)

(stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved this issue by raising it in her post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in her brief. ***See Corley***, 31 A.3d at 296. Further, Appellant's claim raises a substantial question for our review. ***See Commonwealth v. Mastromarino***, 2 A.3d 581, 589 (Pa. Super. 2010) (holding that the appellant raised a substantial question regarding an excessive sentence as compared to the co-defendants' sentences); ***Commonwealth v. Krysiak***, 535 A.2d 165, 167 (Pa. Super. 1987) (stating that "disparate sentences between two or more co-defendants constitutes a substantial question necessitating our exercise of jurisdiction to review").

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

- 8 -

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2015) (citations omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." *Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

The balancing of the sentencing factors is the sole province of the sentencing court, which has the opportunity to observe the defendant and all witnesses firsthand. *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa.

Super. 2023), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of sentencing court where lower court was fully aware of all mitigating factors[.]" *Id.* (citation omitted).

Additionally, our Supreme Court has explained that "[i]t has never been the rule in this Commonwealth that co-defendants are required to receive equal sentences." *Commonwealth v. Burton*, 301 A.2d 675, 677 (Pa. 1973). Nonetheless, the lower court must articulate sufficient reasons to justify the disparity in sentences amongst co-defendants. *See Krysiak*, 535 A.2d at 167. "This is not to say, however, that the court must specifically refer to the sentence of a co-defendant" when providing sufficient explanation. *Commonwealth v. Cleveland*, 703 A.2d 1046, 1048 (Pa. Super. 1997). Instead, "when there is a disparity between co-defendants' sentences, a sentencing court must give reasons particular to each defendant explaining why they received their individual sentences." *Id.*

In *Cleveland*, this Court found that the trial court provided sufficient explanation for the disparity between an appellant's sentence and those of co-defendants when the trial court referred to the defendant's "unresponsiveness to previous attempts at rehabilitation, [the defendant's] lack of remorse, and [the defendant's] drug and alcohol use." *Id.* The *Cleveland* Court concluded that the trial court's references to the defendant's criminal history and ongoing conduct provided "individualized reasons for the sentence imposed" and the

trial court had "sufficiently explain[ed] the disparity between [the defendant's] sentence and the sentences of his respective co-defendants." *Id.*

Similarly, in *Mastromarino*, this Court concluded that the trial court sufficiently justified the disparities between the defendant's sentence and those of his co-defendants. *See Mastromarino*, 2 A.3d at 591. In that case, the trial court stated during sentencing that the defendant acted as "the architect of this scheme that most of us simply can't contemplate[,]" and that the defendant "display[ed] a complete lack of regard for basic human decency," especially because he "didn't need to find [himself] in this position." *Id.* at 590.

In both *Cleveland* and *Mastromarino*, this Court noted that in addition to considering a defendant's criminal history and ongoing conduct, the trial court may also point to the egregious nature of the crime and defendant's role in the crime to justify a particular sentence. *See Cleveland*, 703 A.2d at 1048; *Mastromarino*, 2 A.3d at 590 (referencing the trial court's explanation that the defendant's "egregious and terrible behavior" requires "an appropriate punishment").

In its Rule 1925(a) opinion, the trial court explained:

[Appellant] in this case continued, while incarcerated to abuse drugs. The impact statements reflected a lifetime of drug abuse, with no resolution despite support from friends and family.

Witnesses related the impact of [Appellant's] addiction on her old[er] son, who was 11 years old at the time of [Victim's] death. The district attorney, in summary, noted that it was the 11-year-old who discovered [Appellant] asleep, while [Victim] was deceased for 8-12 hours. [Appellant] "dosed" her infant child with

controlled substances. Evidence was presented that [Appellant] crashed into a swimming pool with [Victim] in the car. On another occasion, she left the baby in the car while it was at a service station. [Victim] was born addicted to drugs, the same as [Appellant's] 11-year-old son.

[Appellant's] statement at sentencing appeared to be disingenuous. Her conduct in this case was particularly egregious.

Trial Ct. Op., 1/6/25, at 7 (some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. As noted, the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing, 2/15/24, at 11. Therefore, we presume that the trial court was aware of the mitigating factors and considered them when imposing Appellant's sentence. *See Edwards*, 194 A.3d at 638; *see also Kurtz*, 294 A.3d at 536. This Court will not reweigh the trial court's consideration of those factors on appeal. *See Kurtz*, 294 A.3d at 536; *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that the appellate court cannot reweigh sentencing factors and impose its judgment in place of sentencing court where the lower court was fully aware of all mitigating factors). Further, the trial court considered the applicable Sentencing Guidelines in crafting Appellant's sentence. *See* N.T. Sentencing, 2/15/24, at 41.

As stated above, the trial court may consider a defendant's role in a crime and the nature of that crime to impose disparate sentences between co-defendants. *See Mastromarino*, 2 A.3d at 590-91. Here, the Commonwealth argued at sentencing that Appellant purposefully dosed her

child with illicit substances for the purpose of providing herself longer periods of time to use drugs. *See* N.T. Sentencing, 2/15/24, at 36-38. While the trial court did not explicitly compare the culpability of Appellant and Co-defendant in causing Victim's death, the trial court's reference to Appellant's "particularly egregious" conduct amounts to an individualized justification for her sentence. Trial Ct. Op., 1/6/25, at 7.

Additionally, referencing a defendant's criminal record and chronic substance abuse can also provide individualized explanations that justify a defendant's sentence. *See Cleveland*, 703 A.2d at 1048. During sentencing, the trial court took note of Appellant's chronic struggles with substances (which continued during her incarceration).[3] *See* N.T. Sentencing, 2/15/24, at 39. Further, the trial court found Appellant's statement during sentencing disingenuous. *See* Trial Ct. Op., 1/6/25, at 7.

Although Appellant alleges that the trial court improperly considered her status as the mother of Victim during sentencing, the record shows that the various victim impact statements discussing Appellant's failures as a parent illustrated her personal struggles with substances and pattern of reckless and negligent actions involving her children, including Victim. When fashioning sentences, the lower court can properly consider the seriousness of the offense, including its impact on victims and the community, along with the Appellant's particular rehabilitative needs. *See Fullin*, 892 A.2d at 847

---

[3] *See* Trial Ct. Op., 1/6/25, at 6.

(citation omitted and formatting altered). Considering the impacts of Appellant's past and ongoing conduct, the trial court did not base its sentencing decision on impermissible factors. *See Cleveland*, 703 A.2d at 1048. Consequently, the trial court did not abuse its discretion in considering victim impact testimony and provided sufficient, individualized justifications for Appellant's sentence. *See id.*

For these reasons, we conclude that Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

7/29/2025